## ROOT ET AL. *v.* DILL ET AL.

JOINT CONTRACTOR.—*Judgment.*—*Merger.*—A judgment against one of several joint contractors merges the cause of action, and neither the one against whom judgment has been rendered, nor those jointly liable with him, can afterward be sued on the same contract.

PRINCIPAL AND SURETY.—*Discharge of Surety.*—After the maturity of a cause of action, and after notice in writing has been given by a surety, to the obligee or creditor, to forthwith institute an action upon the contract, a neglect to institute such suit for nearly fourteen months will discharge the surety. ·

·JUSTICE OF THE PEACE.—*Joint Makers.*—Under section 63 of the justices' act (2 G. & H. 593), if a plaintiff has a joint cause of action against several persons, he must issue his process against all of them, and if part are not found, he may take either one of two courses; first, he may continue the cause for alias process, in order to get service on those not previously found; or, second, he may suggest the return of not found on the record, dismiss his action against those not found, and proceed against those served. In the latter event, he may at any time afterward proceed against those not found.

SAME.—*Continuance.*—In an action against two or more joint makers of a note, instituted before a justice of the peace, an entry of a continuance of the cause as to part of them is a nullity.

SAME.—*Consideration.*—Such continuance being a nullity, binding upon no one and without authority of law, cannot be a valid consideration for an agreement on the part of the parties as to whom the cause is continued, that they will continue to be bound upon the joint promise, and that the cause of action shall not be merged in the judgment taken against their joint promissor.

SAME.— *Capias ad Respondendum.*—Where an action is commenced before a justice of the peace, by process of *capias ad respondendum*, against one of three joint makers of a promissory note, the defendant is entitled to a trial within twenty-four hours after being brought before the justice, and a continuance cannot be had without the defendant's consent.

SAME.—By resorting to the process of *capias ad respondendum* against one of three joint makers of a promissory note, the plaintiff will deprive himself of the right to continue the cause as to the other joint makers, without the consent of the defendant, against whom the process issued, even if a summons could have been, and had been, issued against them, and returned not found.

APPEAL from the Henry Common Pleas.

WORDEN, C. J.—This was an action by the appellants against the appellees, commenced on the 4th of April, 1870, on a joint promissory note executed by the defendants to the plaintiffs, for an amount within the jurisdiction of a justice of the peace. The note matured December 17th, 1868.

The defendants Griffin and Wickard pleaded, first, that on the 19th day of February, 1869, the plaintiffs sued the defendant Dill on the same note, before A. G. Wallace, Esq., an acting justice of the peace of Center township, Marion county, Indiana, and caused a writ to issue against said Dill, and such proceedings were had thereon as that judgment was rendered for the plaintiffs, against said Dill, for the full amount of the note; that said defendants Griffin and Wickard were not parties to said action, nor were they notified of the proceedings; that the judgment so recovered remains in full force, etc.   By a transcript of the proceedings before the justice, which is made a part of the answer, it appears that Dill was the sole defendant to said action, who was brought in by a *capias ad respondendum*, and that judgment was rendered against him on the note in favor of the plaintiffs, on the 19th of Febuary, 1869, and that "the cause was continued as to defendants, Griffin and Wickard, for sixty days."

Second.  That Dill was the principal in said note, and the defendants Griffin and Wickard were sureties, which was well known to the plaintiffs; that the defendants Griffin and Wickard gave the plaintiffs the following notice:

"OGDEN, INDIANA, February 9th, 1869.
"Messrs. Deloss Root & Co., Indianapolis, Indiana.

"We will not stand as securities on the note you hold against T. C. Dill any longer, and require you to bring suit on it forthwith.   His goods are at Terre Haute, and you can make yourselves safe by suing at once.

"SAMUEL GRIFFIN,
"J. T. WICKARD."

Averment that the plaintiffs failed to bring suit on the note in due time, etc.; wherefore, etc.

A demurrer for the want of sufficient facts was filed respectively to the first and second paragraphs of the answer thus filed by Griffin and Wickard, but they were each overruled, and the plaintiffs excepted.

The plaintiffs replied to the first paragraph of the answer as follows:

Root *et al. v.* Dill *et al.*

Second. That on the 19th of February, 1869, the plaintiffs, at the instance and request of the defendants Griffin and Wickard, filed the note before A. G. Wallace, a justice of the peace, etc., and caused a writ of *capias ad respondendum* to issue against the said Dill; that neither of the defendants Griffin and Wickard then resided in said county of Marion, nor have they since resided therein, but, on the contrary, they then resided, and still reside, in Henry county, Indiana, all of which the plaintiffs well knew; that the justice had no jurisdiction, nor could he in any way obtain jurisdiction of the persons of the defendants Griffin and Wickard; therefore the plaintiffs did not cause summons to be issued for them, knowing that it could not be served, and that it would accumulate costs in said cause, but took judgment against the defendant Dill, and continued the cause upon the docket of the justice as to Griffin and Wickard, wherefore, etc. A transcript of the proceedings before the justice is filed with this paragraph of the replication, the same as that filed by the defendants with the first paragraph of their answer.

Third. That on the 19th of February, 1869, the plaintiffs filed the note as a cause of action before Esquire Wallace, a justice of the peace, etc., and caused a writ of *capias ad respondendum* to be issued against the said Dill; that the defendants Griffin and Wickard did not then reside, nor have they since resided, in the county of Marion, but, on the contrary, they then resided, and still reside, in the county of Henry, and State of Indiana; that said justice, therefore, had no jurisdiction, nor could he in any way have obtained jurisdiction, of the persons of the defendants Griffin and Wickard. Wherefore the plaintiffs did not cause summons to issue for the defendants, but took judgment against said Dill, and continued the case on the docket of said justice for sixty days as to said Griffin and Wickard, at the special instance and request of said Griffin and Wickard, they then and there agreeing, in consideration that the plaintiffs would then and there continue said cause as to them, and forbear

Root *et al. v.* Dill *et al.*

for such time, that they would continue to be bound upon the said note, and that the same should not be merged in said judgment, but should remain a valid and subsisting obligation against them; that the note and judgment remain unpaid, etc; wherefore, etc.

Demurrers were filed to the second and third paragraphs of the replication, and sustained, the plaintiffs excepting. Final judgment for the defendants.

There is no question presented by the record except those arising upon the rulings on the several demurrers above stated.

The first paragraph of the answer was clearly good, and the demurrer thereto correctly overruled. It has recently been held by this court, that a judgment against one of several joint contractors merges the cause of action, and that neither the one against whom judgment has been rendered, nor those that were jointly liable with him, can afterward be sued on the same contract. *Crosby* v. *Jeroloman*, 37 Ind. 264. This rule applies, at least, where the joint contractors are residents of the State at the time suit is brought.

The second paragraph of the answer was also good, as we think, and the demurrer thereto correctly overruled. We have the following statutory provisions (2 G. & H. 306):

"Sec. 672. Any person bound as surety upon any contract in writing for the payment of money, or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract.

"Sec. 673. If the creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract, and prosecute the same to judgment and execution, the surety shall be discharged from all liability thereon."

The notice was given on the 9th of February, 1869, and after the maturity of the note, and nearly fourteen months before this action was brought. The lapse of such length of time, after notice and before suit, discharges the surety.

This action was not brought "within a reasonable time." If the plaintiff brought any other action, which for any cause failed, whereby it became necessary to begin anew on the 4th of April, 1870, and if, therefore, this action was commenced within a reasonable time, this matter might have been shown by way of replication. The answer in question was pleaded to this action, and not to any other, and was good as pleaded.

We will consider the second and third paragraphs of the reply together.

The note sued upon was for the sum of one hundred and sixty-seven dollars and ninety cents, and hence could have been sued upon in the circuit or common pleas court, without subjecting the plaintiffs to the payment of costs, unless the amount was reduced, by payment, below fifty dollars, as provided for by statute. 2 G. & H. 227, sec. 397. Had the action which was brought before justice Wallace been brought in either the circuit or common pleas court, the defendants in this action could have been made parties thereto, and process served on them in the county in which they reside, if Dill resided in the county of Marion. We see no good reason for commencing the action before a justice of the peace, when it could have been brought in a court that could have acquired jurisdiction over all the parties to the note as makers. But the plaintiffs saw fit to bring the action before a justice of the peace, and against Dill alone, for no process was issued against either Griffin or Wickard, nor did they in any way become parties to the proceeding. The justices' act provides, that "when a summons is returned not found as to part of the defendants, the plaintiff at his option may continue for alias process, or suggest the return on the record, dismiss the cause as to the defendants not found, and proceed against those served; and such plaintiff may at any time afterward proceed against those not found." 2 G. & H. 593, sec. 63.

Under this statute, if a plaintiff has a joint cause of action against several persons, he must issue his process against all

of them, and if part are not found, he may take either one of two courses; first, he may continue the cause for alias process, in order to get service on those not previously found; or, second, he may suggest the return of not found, on the record, dismiss his action against those not found, and proceed against those served. In the latter event, he may at any time afterward proceed against those not found. In the case under consideration, the steps were not taken, as provided for in the statute above quoted, to continue the liability of the defendants Griffin and Wickard. No process was issued against them, nor was there any return of not found as to them, nor yet was the action dismissed as to them, as it could not well be, inasmuch as they were never parties thereto. The entry on the docket by the justice, that the cause was continued as to Griffin and Wickard for sixty days, was a nullity. No such practice is known to courts of justices of the peace. The practice provided for, we have seen, requires the entire cause to be continued for service of process on those not found, or that the action be dismissed as to them. Such continuance, by the justice, of the cause as against Griffin and Wickard, being a nullity, binding upon no one, and entered without authority of law, could not be a valid consideration for the agreement, set up in the third paragraph of the reply, on the part of Griffin and Wickard, that they would continue to be bound upon the note, and that the same should not be merged in the judgment against Dill.

We have thus far considered the case as if Dill had been brought in, in the action before the justice, by a summons. But we have seen that he was sued alone, and the process against him was a *capias ad respondendum.* In such case, the defendant is entitled to a trial within twenty-four hours after being brought before the justice, and a continuance cannot be had without the defendant's consent. 2 G. & H. 584, sec. 26; *id.* 588, sec. 41. By the resort to the process adopted, the plaintiffs deprived themselves of the right to continue the cause without the consent of Dill, for service

of process on Griffin and Wickard, even if a summons could have been, and had been, issued and returned not found.

The case is simply one where one of three joint makers of a promissory note has been sued upon the note, upon process of *capias ad respondendum*, and judgment rendered against him on the note, without any steps being taken to preserve the cause of action against the others. There is nothing alleged in the replications that prevents the judgment thus rendered from operating as a merger of the entire cause of action. The demurrers to them were, therefore, correctly sustained.

The judgment below is affirmed, with costs.

*M. E. Forkner* and *M. L. Bundy*, for appellants.

*J. Brown* and *R. L. Polk*, for appellees.