Cox *v.* Maddux *et al.*

No. 7455.

## Cox *v.* Maddux et al.

PROMISSORY NOTE.—*Joint Note or Contract.*—*When Judgment against one, not a Release of Others.*—*Merger.*—It is a well settled rule of law that a judgment on a joint note or contract against a part of the makers thereof merges the cause of action, and is a bar to an action against the other maker or makers. But there are exceptions to this rule:

1. When one of two joint debtors has died, a judgment against the survivor does not bar proceedings against the estate of the other.
2. Where such makers are not residents of the same State, or are not all within the process of any court in which the suit could be brought, a judgment against one will not bar an action against the other.

JURISDICTION.—*U. S. District Court.*—The United States District Court for the District of Kansas has no jurisdiction over the person of a resident of the State of Arkansas.

From the Rush Circuit Court.

*G. B. Sleeth* and *J. W. Study*, for appellant.
*L. Sexton* and *C. Cambern*, for appellees.

WOODS, J.—Suit by the appellees against the appellant upon the following instrument, viz.:

"$800.00.    CINCINNATI, Feb. 8, 1870.

"One day after date we promise to pay to the order of Maddux Brothers eight hundred dollars, payable at ———, value received.    HUTCHINSON & COX."

The appellant answered, admitting the execution of the note, that on the 8th day of December, 1873, the appellees brought suit thereon in the U. S. District Court, for the District of Kansas, against Hutchinson alone, and recovered a judgment against him, to which suit the appellant was not made a party.

To this answer the appellees replied that at the time said suit was brought, and judgment obtained, the appellant was a non-resident of Kansas, and a resident of Arkansas. A demurrer to this reply was overruled, and upon this ruling alone the appellant has assigned error.

Cox *v.* Maddux *et al.*

That a judgment taken against one of the joint makers of a note or contract merges the cause of action and bars a separate action against the other maker or makers, is well settled law. *Archer* v. *Heiman*, 21 Ind. 29 ; *Crosby* v. *Jeroloman*, 37 Ind. 264 ; *Barnett* v. *Juday*, 38 Ind. 86 ; *Root* v. *Dill*, 38 Ind. 169 ; *Holman* v. *Langtree*, 40 Ind. 349 ; *Odell* v. *Carpenter*, 71 Ind. 463.

There are, however, exceptions to this rule. Where one of two joint debtors has died, a judgment against the survivor does not bar proceedings against the estate of the other. *Devol* v. *Halstead*, 16 Ind. 287.

Another exception is where the joint makers of the contract are not residents of the same State, or all within the process of any court in which the suit could be brought. The plain reason for these exceptions is that the holder of the obligation should not be deemed to have waived his claim or remedy against any maker, by reason of a separate suit and judgment against another maker, when a joint suit was impossible. See *Root* v. *Dill, supra;* Freeman on Judgments, 193, sec. 234.

It seems to be clear that the U. S. District Court for the District of Kansas, wherein the judgment was obtained against Hutchinson, had no jurisdiction over the person of the appellant, Cox, who resided in the State of Arkansas. Brightley's Digest, p. 127, notes *m* and *l* ; R. S. U. S., sections 737, 738 and 739.

The State of Kansas constitutes one judicial district, while in Arkansas there are two districts. R. S. U. S., sections 531 and 533.

The court committed no error in overruling the demurrer in question.

Judgment affirmed, with costs.