Merriman *v.* Barker.

Filed Nov 8, 1889.

---

No. 13,925.

## MERRIMAN *v.* BARKER.

JUDGMENT.—*Promissory Note.—Joint Makers.—Merger.—Non-Resident.* — A judgment against one of the joint makers of a note does not merge the cause of action and bar a separate action against the other maker where he is a non-resident, and not made a party to the former suit.

SAME.—*Joint Obligors.—Note Executed by One.—Judgment upon.—Action.— Merger.*—Where a note is executed by one joint obligor in consideration of their joint indebtedness, a judgment upon it is not a merger of the

Merriman *v.* Barker.

right of action against the other joint obligor, the right of proceeding against him having been expressly reserved.

PROMISSORY NOTE.—*Principal and Surety.*—*Extension of Time.*—*Release of Surety.*—*Cognovit.*—The acceptance by the payee of a promissory note from the principal, payable one day after date, and a *cognovit* confessing judgment on the same and shortening the time of obtaining it, there being no agreement by the payee not to proceed on the old indebtedness until the note becomes due, does not constitute an extension of time within the rule releasing sureties.

From the Elkhart Circuit Court.

*J. H. Baker* and *J. H. Defrees, Jr.*, for appellant.

*H. D. Wilson* and *W. J. Davis*, for appellee.

BERKSHIRE, J.—This was a suit brought by the appellee on a promissory note and an " endorsement."

Answers and replies were filed, and the case having been put at issue was submitted to the court for trial, and after hearing the evidence, a proper request·having theretofore been made, the court returned a special finding and thereafter rendered judgment for the appellee. The appellant appeals and has assigned several errors, to wit:

"*First.* The court erred in overruling the demurrer of said Merriman to the complaint of said Barker, and to each paragraph thereof severally.

"*Second.* The court erred in sustaining the demurrer of said Barker to the first and second paragraphs of the answer of said Merriman and to each of said paragraphs severally.

"*Third.* The court erred in stating his conclusions of law.

"*Fourth.* The court erred in overruling the motion of said Merriman to change and modify his conclusions of law.

"*Fifth.* The court erred in overruling the motion of said Merriman for judgment on the finding of facts in his favor, and also in sustaining the motion of said Barker for judgment thereon in his favor."

The substance of the complaint is as follows: That on the 20th day of July, 1883, Francis M. Merriman, executed and delivered his certain promissory note to the firm,

of which the appellant was a member, to wit: Merriman & Holmes; that said note called for $800, and was due one year after date; that on the 17th day of November, 1883, the said firm endorsed the same to the appellee; that on the 22d day of August, 1884, the appellee brought suit on said note against the payor, who appeared and defended against said action, placing his defence upon the ground that the consideration for which said note had been executed had failed, and defeated a recovery in said action; that on the 4th day of March, 1884, the said firm executed to the appellee a note, due one day after date, for $375, which is due and wholly unpaid; that on the 25th day of August, 1884, the appellee brought his action on both of the above claims against said Holmes and others, but not against the appellant, for the reason that he was, and had been, a non-resident of the State of Indiana; that on the 9th day of December, 1884, certain proceedings to foreclose a chattel mortgage, which seems to have been in some way connected with said action, were dismissed; that on the 27th day of March, 1885, in lieu of all former proceedings in said action, the said Holmes, by his *cognovit*, in which the right to prosecute suit against the appellant was reserved, confessed judgment in favor of the appellee for the sum of $1,187, which judgment is wholly unpaid; that said Holmes was then, and is now, wholly insolvent; wherefore, etc.

To the complaint a demurrer was filed and overruled, and the proper exception reserved.

The appellant then filed an answer, in four paragraphs; the appellee filed demurrers to each of them, which demurrers were overruled as to the third and fourth paragraphs, and sustained as to the first and second. To the sustaining of the demurrers to said first and second paragraphs of answer the appellant excepted.

The first paragraph is substantially as follows: That on May 1st, 1884, the appellant and said Holmes dissolved partnership and the appellant sold all of his interest to

Holmes, and in consideration thereof Holmes assumed and agreed to pay all the debts and liabilities of said firm, including the debt due to the appellee, of all which the appellee had due notice; that afterwards the appellee brought suit in the said Elkhart Circuit Court upon said identical debt now sued on against said Holmes and others, the said appellant not having been made a party thereto; that said Holmes had become the principal debtor, and the appellant but the surety as to said debt due to the appellee; that appellee caused a summons to issue in said action and to be served on said Holmes; that such proceedings were had in said suit that on the 27th day of March, 1885, the appellee recovered judgment against said Holmes for the sum of $1,187 and costs, and that said judgment still remains in full force.

The substance of the second paragraph is, that about the 1st day of May, 1884, the appellant and the said Holmes dissolved their partnership, and the appellant then and there sold and transferred to said Holmes all of his interest in the partnership property; that in consideration for said partnership effects said Holmes assumed and agreed to pay all of the debts and liabilities of said firm, including the indebtedness in this action sued on, of all which the appellee had notice; that afterwards the appellee accepted the note of said Holmes for said indebtedness; that said note extended the time for payment of said indebtedness for one day without the knowledge or consent of the appellant; that the appellee also accepted a *cognovit* from said Holmes alone, authorizing a judgment to be entered against him alone for said indebtednes as evidenced by said last-mentioned note; that by virtue of said *cognovit* the appellee procured a judgment to be duly entered in this court on said indebtedness against said Holmes for $1,187 and costs, which said judgment is still in full force.

The substance of the special finding is: That on the 20th day of July, 1883, Francis A. Merriman executed his note

to the firm of Merriman & Holmes, as alleged in the complaint, the members of the said firm being Eddy F. Merriman and Buckley F. Holmes; that on the 22d day of February, 1884, the said firm endorsed the said note to the appellee; that on the 22d day of August, 1884, the appellee brought suit in the Elkhart Circuit Court, upon said note, against the said Francis A. Merriman, and such proceedings were had that on the 27th day of February, 1885, judgment was rendered in favor of said Merriman; that a reasonable attorney's fee upon said note and contract of endorsement is $50; that on the 4th day of March, 1884, the appellant and said Holmes, in their firm name, executed to the appellee their note for the sum of $375; that on the 25th day of August, 1884, the appellee commenced his action in the said court, upon his two causes of action, viz.: the said endorsement upon the first-mentioned note and the note last named; that the appellant was not made a party to said action, on the ground as set forth in the complaint therein; that he was a non-resident of the State of Indiana; that said Holmes and others were made party defendants, and the foreclosure of certain mortgages given by Holmes, after the dissolution of the firm, on the partnership property to secure said debts, was asked for; that from the 27th day of May, 1884, and for sixteen months thereafter, the appellant was not a resident of the State of Indiana; that during the pendency of the said suit against Holmes and others, the said Holmes executed to the appellee his note, and gave to the appellee his *cognovit* authorizing a confession of judgment on said note for the sum of $1,187; said note and *cognovit* being given by said Holmes, as the full amount of said debts then owing by the firm of Merriman & Holmes to the appellee, and for the recovery of which the said suit was brought, and then pending, and which were, and are, the identical debts mentioned in the complaint in this action; that it was expressly stipulated in said *cognovit* that it was not in any manner to affect the rights of the appellee as

against said Merriman, and the right to sue him on said claims was expressly reserved; that the giving of said *cognovit,* and all of the proceedings thereafter, were without the knowledge or consent of the appellant; that when said *cognovit* was executed said Holmes was wholly insolvent, and has since so remained; that there was no foreclosure of the said chattel mortgages in the said suit; that the goods covered by said mortgages, as well as all of the partnership property, were seized upon other and senior mortgages, and the proceeds applied in part payment of the liens secured thereby, all of which were prior to the appellee's lien; that on the 1st day of May, 1884, the partnership theretofore existing between said Merriman and Holmes was dissolved by mutual consent, and as a part of the contract of dissolution Holmes agreed to pay all partnership debts, including that due to the appellee, and Holmes became entitled to all of the partnership property; that on the 26th day of January, 1885, the appellee was notified of said dissolution, and the terms connected therewith; that if the appellee is entitled to recover he is entitled to recover the sum of $1,090, including $50 attorney's fees, on the said contract of endorsement, and on the note, $57.97. The following is the conclusion of law, as stated by the court:

" 1. That the plaintiff is entitled to recover of the defendant, Merriman, the amount due on said causes of action, viz.: $1,147.97."

We find no informality in the complaint. It alleges that the appellant was a non-resident when the action against Holmes was commenced, and until long after it was finally determined. This brings the case within the exception recognized in the case of *Cox* v. *Maddux,* 72 Ind. 206. That was an action on a joint obligation. The learned judge who delivered the opinion in that case, said: " That a judgment taken against one of the joint makers of a note or contract merges the cause of action and bars a separate action against the other maker or makers is well settled. There

are, however, exceptions to this rule. Where one of two joint debtors has died, a judgment against the survivor does not bar proceedings against the estate of the other. Another exception is where the joint makers of the contract are not residents of the same State, or all within the process of any court in which the suit could be brought. The plain reason for these exceptions is that the holder of the obligation should not be deemed to have waived his claim or remedy against any maker, by reason of a separate suit and judgment against another maker, when a joint suit was impossible," citing *Barnett* v. *Juday,* 38 Ind. 86; Freeman Judg., section 234. *Dennett* v. *Chick,* 2 Greenl. 191; *Tappan* v. *Bruen,* 5 Mass. 193.

The only question involved in that case was whether or not the fact that Cox was a resident of another State than the State in which Hutchinson resided created an exception to the general rule that a judgment taken against one of two joint makers of a note or contract merges the cause of action and bars a separate action against the other joint makers. But we are asked to overrule that case. This we are not inclined to do. We think that the principle upon which that case rests is sound, and that the doctrine of merger, so as to release one joint debtor by an action and judgment against another, ought to be limited rather than extended. It is contrary to the spirit of our code, and especially so since the revision of 1881.

If our conclusion, as to the complaint, is right, then the first paragraph of the answer is clearly bad, and we do not feel called upon to spend any time in considering it.

It is well settled law in Indiana, that where there is a joint, or joint and several liability, and one of the joint obligors is the principal debtor and the other his surety, and that fact has been brought to the knowledge of the creditor, and thereafter he extends the time of payment to the principal for a valuable consideration, without the consent of the

Merriman *v.* Barker.

surety, such extension has the effect to release the surety. This is true, notwithstanding the fact that when the debt was created both of the debtors were principals, as the averments in the said paragraph of answer disclose, and did the facts averred show an extension of time by an agreement between the appellee and Holmes it would be good. But the answer fails to disclose anything of that kind. The taking of the note of Holmes, together with the *cognovit*, was not of itself an extension of time.

It is not averred that there was any agreement accompanying the execution of the note by Holmes, or the *cognovit*, that the appellee should not sue on the old indebtedness until the note of Holmes fell due. No such agreement is hinted at. For all that appears in the answer the appellee could have sued on the " endorsement " and the old note the very next moment after the new note was executed, without violating any agreement or contract whatever. But suppose there had been an agreement that the appellee should not sue Holmes on the old indebtedness until his note became due, and then to take judgment against him on that note by virtue of the *cognovit;* we can not understand how it can be claimed that that would have been an extension of time.

The result of the arrangement was to obtain judgment against Holmes in the shortest possible time ; but for the *cognovit* the earliest date at which judgment could have been obtained was ten days.

The agreement was an agreement whereby the recovery of a judgment was hastened, rather than postponed.

An extension of time must be such as will tie the hands of the creditors.

It must be an agreement whereby the creditor will lay himself liable to substantial damages if he brings his action in advance of the date to which the time has been extended. *Menifee* v. *Clark*, 35 Ind. 304 ; *Bucklen* v. *Huff*, 53 Ind. 474 ; *Nelson* v. *White*, 61 Ind. 139.

Merriman v. Barker.

This brings us to the special finding, and as to it we need not spend much time. The facts as found, and as alleged in several of the paragraphs of answer, show that after the action against Holmes had been commenced on the joint obligations, he executed to the appellee his individual note, due one day after date, and a *cognovit*, authorizing an attorney named to confess judgment, and that the judgment which was rendered was upon the note so executed by Holmes, and not on the obligations now sued on. Upon the note of Holmes the appellant never was liable. He could not have been sued thereon. It is true, the note executed by Holmes was in consideration of the causes of action which are involved in this action, but that did not authorize an action upon it against the appellant, and hence the judgment that was rendered against Holmes could not be a merger of any right of action against the appellant on the joint obligations. The most that can be said is, that the judgment merged the right of action against Holmes on his individual note.

The execution of the note by Holmes, under the facts alleged and found, did not have the effect to merge the liability of the appellant, or to release or discharge him.

We find no error in the record.

Judgment affirmed, with costs.

Filed Nov. 9, 1889.