BECK & PAULI LITH. CO. v. WACKER & BIRK B. & M. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1896.)

No. 305.

**1. CIRCUIT COURT OF APPEALS—JURISDICTION.**
　　An assignment of error that the circuit court erred in dismissing the action as against any of the parties named in the process, though they had not been served, and, by reason of nonresidence, could not be, and an objection that the order of dismissal was not a final order, did not involve solely a question of the jurisdiction of the circuit court, and hence the circuit court of appeals had jurisdiction of the writ of error.

**2. APPEARANCE—JOINDER IN MOTION.**
　　Defendants who were not served with process do not, by joining with one who was served, in a motion to set aside the service of process, submit themselves to the jurisdiction of the court.

**3. APPELLATE JURISDICTION—FINAL ORDER.**
　　An order dismissing two of three defendants sued on a joint obligation, because not served with process, is not a final order from which an appeal lies.

**4. JUDGMENT—MERGER.**
　　A judgment against one of several joint obligors does not extinguish the original cause of action, as against those not served because beyond the jurisdiction

In Error to the Circuit Court of the United States for the Western District of Wisconsin.

Action by the Beck & Pauli Lithographing Company against the Wacker & Birk Brewing & Malting Company and Chicago Breweries, Limited, impleaded with Charles H. Wacker and others, names unknown, doing business under the name of Chicago Breweries, Limited. The action was dismissed as to certain defendants, and plaintiff brings error.

W. D. Tarrant and Theo. Kronshage, for plaintiff in error.

Frederick S. Winston, James F. Meagher, and B. J. Stevens, for defendants in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. This action was commenced in the circuit court of Dane county, Wis., without complaint or declaration, by a summons, which did not disclose the cause of action, against "the Wacker & Birk Brewing & Malting Company, the Chicago Breweries, Limited, Charles H. Wacker, and others, names unknown, doing business as Chicago Breweries, Limited." The summons was issued September 7, 1895, and on the same day was served upon Charles H. Wacker, by reading, and by delivering a copy, which he had refused to accept, to a third person at his place of abode. On that copy was the indorsement, "Served Sept. 7th, 1895," signed by the sheriff of Milwaukee county, Wisconsin. On September 25, 1895, the defendants entered a special appearance in the action "for the purpose only of moving to set aside the service of summons and vacating the proceedings therein," and, upon the affidavit of Charles H. Wacker to the effect that the defendants were all nonresidents and had never done business nor had any agents in Wisconsin for the purpose of doing business there, and that when the summons was served on him he was in the state only as a sojourner in search of health, obtained of the court an order that within two days the plaintiff should show cause why the service of summons should not be set aside and the action dismissed, with costs, but, before the motion was heard, presented their petition, and on September 27th obtained an order, for the removal of the cause into the federal circuit court. The petition for removal in terms denied the jurisdiction of the state court, and restricted the appearance thereby made to "the sole and only purpose of presenting" the petition. The order of removal having been made, the defendants, by attorney, "moved to have the plaintiff directed to file the original summons with the clerk of this court, so as to have it incorporated in the minutes." The motion was denied on the ground that the court had no power to grant it, but on October 10, 1895, the summons and the return thereon were filed, and, with other papers, were certified by the clerk, and transmitted to the court below, where the defendants, having again entered a special appearance for the purpose, renewed the motion made in the state court to set aside the service of summons, and to dismiss the action for want of jurisdiction; and the court on December 28, 1895, or-

dered "that the service of summons, as to each and all of the defendants except the defendant Charles H. Wacker, be set aside, and the cause dismissed," and that in respect to Wacker the motion be overruled. The affidavit of Wacker, after stating that he is, and for several years last past has been, a resident of Chicago; that he is the president of the Wacker & Birk Brewing & Malting Company, one of the defendants; that that company and the Chicago Breweries, Limited, are corporations, the first existing in and under the laws of Illinois, and the latter under the laws of Great Britain and Ireland, and neither having or having had any office, property, business, or agency in Wisconsin; that he (Wacker), either alone, or in connection with others, is not, and never has been, doing business under the name Chicago Breweries, Limited, and has never had any personal or business dealings with the plaintiff; and that, as he is advised and believes, he is made a defendant in the action "in order to make parties thereto the persons purporting to act, or supposed to be acting, under the name of Chicago Breweries, Limited, had there been no such corporation, and for no other purpose,"—concludes as follows:

"That the original summons in said action, and the complaint therein, are not on file, and have not been filed, in the office of the clerk of this court at Madison, in said county of Dane, as required by law, and defendants and deponent have not been able to see the same, and one and all do not know, and cannot learn, their contents, the same presumably being in possession of plaintiff's attorneys, if, indeed, it be true that they have been drafted and in fact exist, and that defendants in this action cannot demand service of copy of same without, by such general appearance, subjecting themselves to the jurisdiction of the court; that the copy summons so left, as appears by Exhibit A, hereto annexed, does not disclose the amount of damages claimed against the defendant, or, in any respect, the nature of the action; that as deponent is informed, believes, and avers, the only business transaction had between plaintiff, on the one side, and the defendants, or either of them, on the other, and hence the business transaction on which this action is based, relates to an asserted sale and purchase of certain printed labels, on which the claim of the plaintiff to damages greatly exceeds the sum of two thousand dollars, but liability for which the defendants deny; and, as deponent is advised and believes, the cause of action, if any, did not arise in the state of Wisconsin."

The sheriff afterwards made formal return that he had "personally served on the 7th day of September, 1895, the within summons, in the town of Linn, Walworth Co., Wis., by tendering to Charles H. Wacker a true and correct copy," etc.; leaving it indefinite whether a service upon Wacker individually only, or upon him as the representative or agent of other defendants, was intended. These proceedings, the summons, the return, and the affidavit mentioned, are shown only by docket entries, and not by bill of exceptions. See Reid v. Case, 14 Wis. 464; Cord v. Southwell, 15 Wis. 211; Rev. St. Wis. § 2898.

The error assigned is upon the dismissing of the action against the corporations named, while retaining jurisdiction over the defendant Wacker. The defendants in error have moved to dismiss the writ of error on the grounds that the order of dismissal was not a final order, and that this court has no jurisdiction, because the assignment of error puts in issue nothing but the jurisdiction of the

circuit court. It does not appear that the question of jurisdiction was certified by the court below to the supreme court, and, that not having been done, it was the privilege of the party, as declared in McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118, to bring the entire case here; but it has been held by this court that, when the question of jurisdiction alone is involved, a circuit court of appeals cannot entertain the writ. Manufacturing Co. v. Barber, 9 C. C. A. 79, 60 Fed. 465, and 18 U. S. App. 476; Railroad Co. v. Myers, 10 C. C. A. 485, 62 Fed. 367, and 18 U. S. App. 569; Cabot v. McMaster, 13 C. C. A. 39, 65 Fed. 533, and 24 U. S. App. 571. And that ruling has been followed by the courts of appeals for the Sixth and Ninth circuits (U. S. v. Severens, 18 C. C. A. 314, 71 Fed. 768; The Alliance, 17 C. C. A. 124, 70 Fed. 273), though the contrary had been decided in the Eighth circuit in cases not referred to in the later opinions (Crabtree v. Madden, 4 C. C. A. 408, 54 Fed. 426; Crabtree v. Byrne, 4 C. C. A. 414, 54 Fed. 432; Rust v. Waterworks Co., 17 C. C. A. 16, 70 Fed. 129). See, also, King v. McLean Asylum, 12 C. C. A. 139, 64 Fed. 325, and Green v. Mills, 16 C. C. A. 516, 69 Fed. 852. The opinion in Crabtree v. Madden is perhaps to be regarded as a dictum, because of the suggestion therein that, if the jurisdiction of the court below were upheld, "there would remain for determination the question whether or not the complaint states facts sufficient to constitute a cause of action." It is clear, therefore, upon the weight of authority, that a question of jurisdiction alone may not be taken to a court of appeals, though, on principle, once the supreme court had enunciated the doctrine of McLish v. Roff, it is difficult to see why such a question may not be entertained and decided by one of those courts as well when standing alone and constituting the whole case as when accompanied with another or other questions, which might be injected on mere pretense, in order to obviate the objection to jurisdiction. In this case the plaintiff in error contends that by making a joint motion to set aside the service of process, which in respect to one of them was a good service, the defendants all submitted to the jurisdiction of the court; but that proposition, it is evident, presents simply a phase of the question of jurisdiction, of which, by itself, it seems we could not take cognizance.

The case, however, involves more than an inquiry into the jurisdiction of the circuit court over the persons of the defendants. Error is not assigned upon the setting aside of the service, but on the dismissal of the action against two of the three defendants named in the summons. It is admitted by the plaintiff in error that the summons had been served only upon the defendant Wacker, but, there being in the statutes of Wisconsin a provision to the effect that a judgment against one of joint obligators may be enforced against joint property of all found within the state, it is urged that it was error to dismiss the action as against any of the parties named in the process, though they had not been, and by reason of nonresidence could not be, served; the argument being that, in order to obtain the benefit of the statute mentioned, it was necessary, or at least proper, that all of the joint obligors be named,

first in the process, and later in the declaration to be filed. Of this question, and of the further question raised by the defendants, whether the order dismissing the action as against two of three defendants was a final order, we may take cognizance, and in connection therewith, it follows, may determine whether the circuit court acquired jurisdiction over the two defendants who were dismissed out of the action.

It being admitted that the defendants except Wacker were not served with process, the court, it is certain, acquired no jurisdiction of the defendant corporations, unless, by joining Wacker in the motion to set aside the service of process, they submitted themselves to the jurisdiction of the court. The proposition that by joining in that motion they submitted to the jurisdiction is based upon extremely technical considerations, and is not borne out by the authorities cited. Pom. Rem. & Rem. Rights, § 660; Webster v. Tibbits, 19 Wis. 438; McGonigal v. Colter, 32 Wis. 614; Handy v. Insurance Co., 37 Ohio St. 366; Construction Co. v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. 36; 2 Enc. Pl. & Prac. 621. See N. K. Fairbank & Co. v. Cincinnati, N. O. & T. P. Ry. Co., 9 U. S. App. 212, 4 C. C. A. 403, and 54 Fed. 420. If the motion had been overruled because not good for all who joined in it, there would probably have been no error of which any of the movers could complain; but still, except of the party served, the court would have been without jurisdiction, and any subsequent proceeding adverse to them would have been invalid. The court, however, as it had the right to do, treated the motion as several, and to the extent of setting aside the service, or declaring that there had been no service, upon the defendants other than Wacker, it is clear, committed no error.

This brings us to the question whether the order dismissing two of the three defendants out of the case was a final order, from which a writ of error may be prosecuted. Under the circumstances, it can hardly be said that the order of dismissal added anything to the effect of the order setting aside the service of summons. It was and perhaps is still competent for the plaintiff in error to file his declaration in the case against Wacker, setting up as the cause of action the joint obligation, if such it has, against him and the others named; and if, pending the action, it should become possible to obtain service of process upon either or both of the other defendants, it will be in the power, and, upon proper showing, the duty, of the court to order an alias or additional summons for that purpose; and just because of this power of the court, so long as the action shall be pending against Wacker, to authorize the bringing in of the other parties, we think that the order of dismissal, amounting as it does to no more than a declaration that the parties let out had never been brought in, should not be deemed final. The general rule is familiar that a judgment, to be final, must dispose of the case as against all of the defendants; and especially is it so if, like joint obligors, they stand in a common relation to the issues.

In respect to the merits of the order, we do not perceive that it in any way affects the right or power of the plaintiff in error to obtain against Wacker, upon the supposed joint liability, a judgment

which, under the statute, may be enforced against the common property of the joint obligors within the state. That a judgment taken against one of the joint obligors does not merge and extinguish the original cause of action, as against those not served because beyond the jurisdiction, seems clear. Cox v. Maddux, 72 Ind. 206; Merriman v. Barker, 121 Ind. 74, 22 N. E. 992, and cases cited. The appeal is dismissed.

SHOWALTER, Circuit Judge, concurs in the conclusion.