EXCELSIOR WOODEN-PIPE CO. v. PACIFIC BRIDGE CO. et al.

(Circuit Court of Appeals, Ninth Circuit.   May 6, 1901.)

No. 668.

CIRCUIT COURT OF APPEALS—JURISDICTION—QUESTION OF JURISDICTION OF CIR-
      CUIT COURT.
      Where a circuit court dismisses a case on the ground that it has no
      jurisdiction, leaving pending motions undetermined, the only issue re-
      viewable is that of jurisdiction, which must be taken to the supreme
      court, and an appeal will not lie to the circuit court of appeals.

Appeal from the Circuit Court of the United States for the North-
ern Division of the District of Washington.

On Motion to Dismiss Appeal.

Wm. F. Booth, N. A. Acker, W. W. Wilshire, and A. H. Kenaga,
for appellant.

A. R. Titlow, W. H. Bogle, and Chas. Richardson, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge.   The appeal is taken from an order dis-
missing the bill of complainant in a suit brought to enjoin infringe-
ment of certain letters patent.   After the issues were made, and
the time within which to take proofs, under equity rule 69, had ex-
pired, the defendants in the suit filed a motion for extension of
such time.   Upon calling and hearing this motion, the court asked
for argument on the question of its jurisdiction of the controversy.
The complainant thereupon filed a motion for a decree on the plead-
ings and papers on file in the cause.   The court, without deciding
either motion, dismissed the suit for want of jurisdiction, upon
the ground that, in the opinion of the court, the cause was one
arising on contract, and not under the patent laws of the United
States, and was not a case in which there was diversity of citizen-
ship of the parties.   The complainant appealed from the decree of
dismissal, assigning that the court erred in dismissing the cause for
want of jurisdiction, and in not denying the appellees' motion for
an extension of their time to take testimony, and in not allowing
the complainant's motion for a decree on the pleadings and papers on
file.   The appellees now move to dismiss the appeal upon the ground
that the only question involved on the appeal is the question of
the jurisdiction of the circuit court to entertain the suit.

The motion to dismiss must be allowed.   In construing that por-
tion of the act of March 3, 1891 (26 Stat. 826), establishing the cir-
cuit courts of appeals, which provided that appeals and writs of
error may be taken from the existing circuit courts directly to the
supreme court in any case in which the jurisdiction of the court is
in issue, the supreme court in McLish v. Roff, 141 U. S. 661, 12 Sup.
Ct. 118, 35 L. Ed. 893, held that, "when that judgment is rendered,
the party against whom it is rendered must elect whether he will
take his writ of error or appeal to the supreme court upon the ques-
tion of jurisdiction alone, or to the circuit court of appeals upon the
whole case."   In order that the circuit court of appeals may enter-

109 F.—32

tain the appeal, there must be in the case something more than the question of the jurisdiction. In U. S. v. Jahn, 155 U. S. 114, 15 Sup. Ct. 39, 39 L. Ed. 87, the court, further construing the act, announced these general conclusions:

"(1) If the jurisdiction of the circuit court is in issue, and decided in favor of the defendant, as that disposes of the case, the plaintiff should have the question certified, and take his appeal or writ of error directly to this court. (2) If the question of jurisdiction is in issue, and the jurisdiction sustained, and then judgment or decree is rendered in favor of the defendant on the merits, the plaintiff, who has maintained the jurisdiction, must appeal to the circuit court of appeals, where, if the question of jurisdiction arises, the circuit court of appeals may certify it. (3) If the question of jurisdiction is in issue, and the jurisdiction sustained, and judgment on the merits is rendered in favor of the plaintiff, then the defendant can elect either to have the question certified, and come directly to this court, or to carry the whole case to the circuit court of appeals, and the question of jurisdiction can be certified by that court. (4) If, in the case last supposed, the plaintiff has ground of complaint in respect of the judgment he has recovered, he may also carry the case to the circuit court of appeals on the merits, and this he may do by way of cross appeal or writ of error, if the defendant has taken the case there, or independently, if the defendant has carried the case to this court on the question of jurisdiction alone, and in this instance the circuit court of appeals will suspend a decision upon the merits until the question of jurisdiction has been determined. (5) The same observations are applicable where a plaintiff objects to the jurisdiction, and is, or both parties are, dissatisfied with the judgment on the merits."

The present case comes within the class of cases referred to in the first clause of the language above quoted. It is a case in which the question of the jurisdiction of the circuit court only is in issue. That question was decided in favor of the defendants, and the case was thereby disposed of. Although there were other questions pending before the court at the time of ruling upon the question of jurisdiction and dismissing the suit, those questions have not been determined, and are not involved in the present appeal. They are questions upon which the judgment of the circuit court has not been taken. It cannot be assigned as error that the circuit court failed to deny the appellees' motion for an extension of time within which to take testimony, or that it failed to allow the appellant's motion for a decree upon the pleadings. There has been no decision of any question in the case except the question of jurisdiction. The act creating the circuit courts of appeals does not give them jurisdiction to review a judgment of a circuit court which sustains objection to its jurisdiction, and on that ground dismisses the suit. The question which is before us is not affected by the fact that the circuit court, at the time of ordering such dismissal, had before it other motions and questions which, for the reason that it denied its own jurisdiction, it never decided. Gates v. Bucki, 4 C. C. A. 116, 124, 53 Fed. 961; Manufacturing Co. v. Barber, 9 C. C. A. 79, 60 Fed. 465; Cabot v. McMaster, 13 C. C. A. 39, 65 Fed. 533; Beck & Pauli Lith. Co. v. Wacker & Birk B. & M. Co., 22 C. C. A. 11, 76 Fed. 10; Evans-Snider-Buell Co. v. McCaskill, 41 C. C. A. 577, 101 Fed. 658; Dudley v. Board, 43 C. C. A. 184, 103 Fed. 209; Wetmore v. Rymer, 169 U. S. 115, 18 Sup. Ct. 293, 42 L. Ed. 682. The appeal is dismissed.