## HAYS v. RICHARDSON et al.

### (Circuit Court of Appeals, Ninth Circuit. February 2, 1903.)

### No. 865.

1. CIRCUIT COURT OF APPEALS—JURISDICTION—QUESTION OF JURISDICTION OF CIRCUIT COURT.

Where a Circuit Court found that an attachment was fraudulently sued out by plaintiff and levied on property of defendants, who were nonresidents of the state, without a substantial bond being given as required by law, for the purpose of compelling defendants to come within the jurisdiction, and dismissed the action for want of jurisdiction, without determining any other question, the judgment is not reviewable by the Circuit Court of Appeals, but only by the Supreme Court.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

On motion to dismiss writ of error for want of jurisdiction.

Sachs & Hale, W. F. Hays, and R. B. Albertson, for plaintiff in error.

Peters & Powell, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. The defendants in error have moved this court to dismiss the appeal herein for want of jurisdiction. It appears that the action was brought in the superior court of Skagit county, Wash., for the recovery of $139,000, upon an alleged agreement between the plaintiff and defendants, wherein the plaintiff was to assist the defendants in the purchase of timber lands. Service

¶ 1. Orders, decrees, and judgments reviewable in Circuit Court of Appeals, see note to Salmon v. Mills, 13 C. C. A. 374.

was had by publication of summons, the defendants being nonresidents and beyond the jurisdiction. Prior to the publication of summons a writ of attachment was sued out upon certain real property of the defendants, and the statutory bond thereon was filed. The case was thereafter removed to the Circuit Court of the United States for the District of Washington on the ground of the diverse citizenship of the parties. No pleading or other appearance having been filed by the defendants at the expiration of 60 days from the date of the first publication of summons, other than the petition for removal, the plaintiff filed a motion for a default judgment against the defendants. The defendants then appeared especially for the purpose of moving the court to quash the attempted service of summons, on the ground that there was no honest intent to furnish a bond as a basis for the attachment of property, but a fraudulent attempt on the part of the plaintiff to entrap the defendants into the jurisdiction of the court by an attachment based upon a bond with sureties of no financial responsibility whatever. The court denied both the motion for default judgment and the motion to quash service of summons. A bill of particulars was filed by the plaintiff, and the defendants then filed an answer to the complaint, setting up, as matter of affirmative defense, that the sureties named in plaintiff's bond on attachment were not financially responsible; that this fact was well known to the plaintiff, but that the plaintiff procured and induced the said sureties to go upon the bond as a trick and device to force the defendants to enter general appearance in the cause, thus fraudulently obtaining jurisdiction of them. It was further alleged that the statute of Washington governing such procedure required a defendant to enter a general appearance before attacking the regularity of any attachment, or the bonds upon which the same was based. The plaintiff replied, denying any fraudulent intent. The cause proceeded to trial before the judge and a jury, and evidence was taken, over the objection of the plaintiff, as to the value of the property held by the sureties at the time of their justification. At the conclusion of this evidence, upon motion of the defendants the court directed the jury to return a verdict for the defendants; finding as a fact that the writ of attachment was issued fraudulently, without a substantial bond being given as required by law, and that therefore neither the state court nor the Circuit Court had acquired jurisdiction of the defendants, they being nonresidents of the state. Judgment of dismissal was accordingly entered, from which the plaintiff has appealed to this court.

It is readily seen from the foregoing statement that no question other than that of jurisdiction was determined by the court below. It has been heretofore held by this court that under the construction of the act of March 3, 1891, 26 Stat. 826 [U. S. Comp. St. 1901, p. 547] by the Supreme Court of the United States in McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118, 35 L. Ed. 893, and in United States v. Jahn, 155 U. S. 114, 15 Sup. Ct. 39, 39 L. Ed. 87, where a Circuit Court dismisses a case on the ground that it has no jurisdiction, leaving other questions undetermined, the only issue reviewable is that of jurisdiction, and that such review must be obtained in the

Supreme Court; it cannot be had in the Circuit Court of Appeals. Excelsior Wooden Pipe Co. v. Pacific Bridge Co. et al., 48 C. C. A. 349, 109 Fed. 497. And in the case of Shepard v. Adams, 168 U. S. 618, 18 Sup. Ct. 214, 42 L. Ed. 602, where the District Court adjudged that it had not acquired jurisdiction over a defendant, by reason of there having been no valid service of process, it was contended that the question was reviewable by the Circuit Court of Appeals. The Supreme Court, however, held that the proper procedure in such a case, under section 5 of the act of March 3, 1891, was to sue out a writ of error directly to the Supreme Court.

The present case comes fully within the rulings in the cases above cited. Other questions than that of jurisdiction were left undetermined by the trial court, and are not involved in this appeal. The question of jurisdiction was decided in favor of the defendants, and the case was thereby disposed of, so far as the trial court was concerned. Under the act of Congress governing appeals in such cases, as it has been construed by the highest court in the land, the Supreme Court alone has the power to review the case. The writ of error is therefore dismissed.