DAVIS & RANKIN BLDG. & MANUF'G CO. *v.* BARBER *et al.*

(*Circuit Court, D. Indiana.* June 28, 1892.)

1. CONTRACTS—CONSTRUCTION—JOINT AND SEVERAL.
  Plaintiff entered into a written contract whereby it agreed to erect, and equip a butter and cheese factory for $4,500; the party of the second part stipulating that "we, the undersigned subscribers hereto, agree to pay the above amount for said butter and cheese factory when completed." The subscribers also agreed to incorporate with a capital stock of not less than $4,500, the shares "to be issued to the subscribers hereto in proportion to their paid-up interests herein; and it is further agreed that each stockholder shall be liable only for the amount subscribed by him." To this was attached a heading for subscribers, thus: "Names of Subscribers. No. of Shares. Amount of Stock after Incorporation." Sixty-one persons severally subscribed this contract, for amounts varying from $25 to $100. *Held*, that, notwithstanding the use of the words, "We agree to pay," the contract was several, and not joint. *Davis* v. *Shafer*, 50 Fed. Rep. 764, disapproved.

2. SAME.
  The provision that "each stockholder shall be liable only for the amount subscribed by him," indicates that the contract was several, and it cannot be regarded as merely regulating the rights of the stockholders among themselves.

3. SAME—BREACH—DECLARATION.
    A declaration for breach of this contract alleged that plaintiff entered upon its performance, and expended large sums of money therein, and was willing to do everything required by it, but that defendants, the subscribers, refused to allow it to build the factory; that defendants' acts were wrongful, and caused damage to the plaintiff in the sum of $4,500. *Held,* that, as all plaintiff's rights grew out of the several contract, these allegations could not be considered as making out a joint cause of action.

At Law. Action by the Davis & Rankin Building & Manufacturing Company against William W. Barber and others for breach of contract. Heard on demurrer to the declaration for want of jurisdiction. Demurrer sustained.

*Shirts & Kilbourne* and *J. B. Cockrum,* for plaintiff.
*Jas. A. McNutt* and *Geo. A. Knight,* for defendants.

BAKER, District Judge. The declaration is in a single count against the subscribers to a contract to recover damages for its breach. Following proper allegations as to citizenship, it is alleged, in substance, that on the 20th day of July, 1891, the plaintiff's assignors, Davis & Rankin, entered into a written contract with the defendants to build and equip for them a combined butter and cheese factory at Saline City, Clay county, Ind., according to agreed plans and specifications; that plaintiff entered upon the performance of the contract, and expended thereunder a large sum of money for labor and material, and was ready and willing to complete everything required by the terms of the contract; that the defendants refused to allow plaintiff to build and equip the factory; that the acts of the defendants were wrongful, and caused damage to the plaintiff in the sum of $4,500. The parts of the contract, which are made part of the declaration, material to the present inquiry, are as follows:

"We, Davis and Rankin, party of the first part, hereby agree with the undersigned subscribers hereto, party of the second part, to build, erect, complete, and equip for said party of the second part a combined butter and cheese factory at Saline City, Indiana. * * * The parties of the second part hereby agree to select and furnish suitable lands for said building, together with well, spring, or reservoir on said lot, for the use of the business; and it is further understood that, in case said second party shall fail to furnish said land and water within ten days after the execution of this contract, then Davis and Rankin, at their option, may select and furnish land and water in behalf and at the expense of the subscribers. * * * Said Davis and Rankin agree to erect said butter and cheese factory, as set forth by the above specifications, for four thousand five hundred dollars, payable when factory is completed, or one half cash, and balance in ninety days, with secured notes, bearing six per cent. interest from date. We, the subscribers hereto, agree to pay the above amount for said butter and cheese factory when completed. Said building to be completed within ninety days or thereabout, after the above amount of four thousand five hundred dollars is subscribed. Any portion of the amount subscribed not paid according to contract shall bear legal rate of interest. As soon as the above amount of four thousand five hundred dollars is subscribed, or in a reasonable time thereafter, said subscribers agree to incorporate under the laws of the state, as therein provided, fixing the aggregate amount of stock not less than four thousand five

hundred dollars, to be divided into shares of one hundred dollars each. Said share or shares, as above stated, to be issued to the subscribers hereto in proportion to their paid-up interests herein; and it is herein agreed that each stockholder shall be liable only for the amount subscribed by him."

The defendants severally subscribed this contract for amounts varying from $25 to $100 each, as follows:

| Names of Subscribers. | No. of Shares. | Amount of Stock after Incorporation. |
|---|---|---|
| Wm. W. Barber, | | $100 00 |
| * * * | * * * | * * * |

To this declaration the defendants have severally demurred, on the ground that the court has no jurisdiction of the subject-matter. Whether this court has jurisdiction depends on the proper construction of the contract. If the contract of the defendants is joint, the amount in controversy gives the court jurisdiction; if it is several, the court has no jurisdiction. "In the construction of contracts, the court will look at all the circumstances of the case, the nature of the property, the occupation and relation of the parties, the usages of the place and of the business to which the contract relates, and ascertain, by reasonable inference, what the parties must have understood and mutually expected at the time of the making of the contract, and then adopt that construction which will best and most nearly carry the contract into effect as they intended and understood it." *Dwelley* v. *Dwelley*, 143 Mass. 509, 10 N. E. Rep. 468. The contract must be considered as a whole, and if, upon such consideration, the intention of the parties becomes apparent, it must prevail over the literal interpretation of detached words, phrases, and clauses. Bish. Cont. § 575; *Landwerlen* v. *Wheeler*, 106 Ind. 523, 5 N. E. Rep. 888. In this case there are 61 subscribers to the contract. The amounts placed after the subscribers' names vary from $25 to $100. Presumably they were interested in agricultural pursuits, scattered over a considerable extent of territory in Clay county, and of varying ages, habits, and pecuniary circumstances. The amount to be raised was $4,500. It is apparent from reading the contract that, when one placed his name thereto for $25 or $100, he did not intend to become solely liable for the whole $4,500. And it is equally clear that the first subscriber did not intend to become liable for the amount subscribed by each additional subscriber, whoever he might happen to be. That each subscriber became liable for the payment of the amount subscribed by himself, and not for the whole amount, seems to me to be the plain intent of the contract. It must have been so understood by all the parties to it. I cannot persuade myself that the defendants understood the contract as making each liable for the whole amount subscribed. The use of words of plurality, such as "we bind ourselves" will not make the contract joint, when the parties engage for the performance of distinct and several duties. 1 Add. Cont. (Amer. Ed. by Morgan,) 86. Here each defendant has written after his name the number of shares subscribed for by him, and the amount to be paid by him therefor. Courts ought not to permit isolated words or phrases, importing a joint obligation, to de-

feat the manifest intention of the parties as gathered from the entire contract. In the case of *Price* v. *Railroad Co.*, 18 Ind. 137, the subscription sued on was in these words:

"We, the undersigned, promise to pay $25.00 for each share of a stock set opposite each of our names."

This contract, though joint in form, was held to be several. The court said:

"These stock subscriptions, though in form joint contracts, are intended to be, and are to be treated as, several, and each stockholder as liable simply for the amount opposite his own name."

In the case of *Landwerlen* v. *Wheeler*, 106 Ind. 523, 5 N. E. Rep 888, the subscription was in these words:

"We, the undersigned, promise to pay the following subscriptions for a new church in honor of St. Vincent de Paul, patron of the church and congregation."

This contract was construed to be several, and not joint. The court said:

"The paper and the manner of the subscriptions as clearly indicate the intention by all the parties that each subscriber should be liable, and only liable, for the amount by him subscribed, as if the words 'opposite each of our names' had been used." "Where a person signed the paper, and put down opposite his name the amount subscribed, he just as plainly declared that that was the amount for which he was to be liable, as if in the body of the paper it had been stated that each subscriber was to be liable for the amount opposite his name."

The case of *Frost* v. *Williams*, (S. D.) 50 N. W. Rep. 964, involved the construction of a contract for the erection of a butter and cheese factory, like the one at bar. It was held in a carefully prepared opinion that while the words in the body of the contract, considered alone, would require the contract to be construed as joint, yet, as the amount subscribed by each was written after the name of each subscriber, the contract must be construed as several. In the case of *Davis* v. *Belford*, 70 Mich. 120, 37 N. W. Rep. 919, the sole question involved was whether a contract identical with the one at bar was joint or several. The court held the contract to be several, and not joint. In *Gibbons* v. *Grinsel*, (Wis.) 48 N. W. Rep. 255, a contract similar in all its essential features to the one at bar, received construction. The point involved was whether the contract was joint or several. It was held that the contract was several. It is said·

"The manifest purpose was that each such subscriber should thus pay the amount of his particular subscription, and not that he should become liable jointly with all the other subscribers for the aggregate amount of all subscriptions. In other words, the amount which each subscriber thus agreed to pay was limited to the amount which he thus subscribed; otherwise a few responsible subscribers might be made liable for numerous irresponsible subscribers."  ·

The fact that each subscriber has written after his name the amount subscribed by him is cogent evidence that he meant to become liable for no more. The stipulation in the contract that " it is herein agreed

that each stockholder shall be liable only for the amount subscribed by him". clearly manifests the same purpose. The suggestion that this clause only relates to and fixes the liability of the stockholders *inter sese* after the organization of the corporation is untenable. Each stockholder when the corporation was organized, without this stipulation, would be liable only for the amount of stock subscribed by him. The word "stockholder" in this stipulation is to be read as "subscriber." This reading gives effect to the manifest intention of the parties, and imparts legal force to the stipulation, which otherwise would have none. I am aware that the foregoing views are in conflict with the opinion of the circuit court for the western district of Missouri in the case of *Davis* v. *Shafer*, 50 Fed. Rep. 764, recently decided by Judge PHILIPS. I have carefully examined the manuscript opinion in this case, and I find myself unable to concur in the conclusion there reached. In my judgment, the contract under consideration must be construed as several, and not joint. It is contended, however, if the contract is held to be several, that the cause of action set out in the declaration is joint, and that for this reason the court has jurisdiction. The argument is that the injury complained of is for the willful breach of the contract caused by the joint wrong of all the defendants in preventing the plaintiff from performing the contract, and that the damages sued for spring from this joint wrong. The argument is unsound. The cause of action is grounded on the contract. Aside from the rights and obligations created by the contract, no cause of action would be exhibited by the declaration. Whether the breach of the contract arose from the willful misconduct of the defendants, or from their unintentional violation of it, makes no difference in the rights or obligations of the parties. In either case, their rights and obligations spring from and are measured by the contract. If the plaintiff has any right of action for the wrongs alleged, it arises solely from the obligations imposed on the defendants by their contract. It therefore results that the court has no jurisdiction of the subject-matter. The demurrer is sustained. Let judgment be entered accordingly.