## DAVIS & RANKIN BLDG. & MANUF'G CO. v. BARBER et al.

(Circuit Court of Appeals, Seventh Circuit. January 20, 1894.)

No. 62.

APPEAL—JURISDICTION.

Under Act March 3, 1891, creating the circuit courts of appeals, and declaring that appeals and writs of error may be taken from the trial courts directly to the supreme court "in any case in which the jurisdiction of the court is in issue," the circuit court of appeals has no jurisdiction to review a judgment dismissing an action on demurrer for want of jurisdiction.

In Error to the Circuit Court of the United States for the District of Indiana.

Action by the Davis & Rankin Building & Manufacturing Company against William W. Barber and 60 other defendants for breach of contract. A demurrer to the declaration was sustained, and the plaintiff brings error.

George Shirts and John B. Cochrane, for plaintiff in error.

James A. McNutt and George A. Knight, for defendants in error.

Before JENKINS, Circuit Judge, and BUNN and SEAMAN, District Judges.

JENKINS, Circuit Judge. This cause is brought here seeking a review of the judgment of the court below sustaining the demurrers to the plaintiff's declaration. The action was against some 61 subscribers to a contract with Davis and Rankin, the assignors of the plaintiff in error. This contract was for the construction of a creamery, and damages are sought for an alleged breach of the contract by the defendants. The demurrers go to the jurisdiction of the court below over the subject-matter of the action, and are predicated upon the theory that, by a proper construction of the contract declared upon, the liability of the defendants is several, and not joint; and, being several, and measured by the amount placed opposite the names of the several parties subscribing to the contract, the claim, as against each defendant, was less than the minimum amount necessary to give the court jurisdiction over the subject-matter of the action. The court below sustained the demurrers upon the grounds stated, and its opinion is reported in 51 Fed. 148.

We have listened to able arguments upon the subject of the proper construction of the contract in question; and, in view of the conflicting decisions of the several courts which have had similar contracts under consideration, the question of its proper construction is one by no means free from difficulty. We have, however, come to the conclusion that we have no authority here and now to determine the question. The controversy in the court below went to the jurisdiction of the court over the subject-matter. The decision below was adverse to the jurisdiction. The act of March 3, 1891, creating this court (26 Stat. 826, c. 517), provides, in section 5 of the act, that appeals or writs of error may be

taken from the district courts, or from the existing circuit courts, direct to the supreme court, "in any case in which the jurisdiction of the court is in issue. In such cases the question of jurisdiction alone shall be certified to the supreme court from the court below for decision." By section 6 of the act, the circuit courts of appeals have appellate jurisdiction to review final decisions of the lower courts in all cases other than those provided for in section 5. The supreme court, in McLish v. Roff, 141 U. S. 661, 668, 12 Sup. Ct. 118, has declared the proper construction of the act to be that the party against whom judgment is rendered "must elect whether he will take a writ of error or appeal to the supreme court upon the question of jurisdiction alone, or to the circuit court of appeals upon the whole case. If the latter, then the circuit court of appeals may, if it deem proper, certify the question of jurisdiction to this court." The act, thus construed, manifestly contemplates that, when the case is brought to the circuit court of appeals, there shall be something for the court to review, aside from the question of the jurisdiction of the court below. Here, the plaintiff, upon the sustaining of the demurrer, refused to plead anew, and elected to stand upon its complaint, and final judgment was rendered dismissing the action. The only question, therefore, presented by the record goes to the jurisdiction of the court below. In such case a review of the determination of that question can only be had in the supreme court. The writ will be dismissed for want of jurisdiction here to entertain it.