## THE ALLIANCE.

### ALLEN et al. v. STRONG.

(Circuit Court of Appeals, Ninth Circuit. October 8, 1895.)

· No. 203.

1. JURISDICTION OF CIRCUIT COURTS OF APPEAL—JURISDICTIONAL QUESTIONS.

The circuit courts of appeal have no jurisdiction to entertain an appeal in which the only question at issue is as to the jurisdiction of the court below over the cause. Act March 3, 1891, §§ 5, 6; 26 Stat. 826.

2. SAME.

A libel was filed to enforce a maritime lien against a vessel which, at the time of her arrest thereunder, was in possession of an assignee for the benefit of creditors, under the Oregon statutes. The assignee appeared as claimant, and upon his petition a decree was entered dismissing the libel for want of jurisdiction, and ordering the vessel to be restored to him. The libelants appealed to the circuit court of appeals, and the claimant moved to dismiss the same for want of jurisdiction in the latter court. Held, that the only question for review was whether the district court had jurisdiction of the cause, and that the circuit court of appeals therefore had no jurisdiction of the appeal under the fifth and sixth sections of the act of March 3, 1891.

Appeal from the District Court of the United States for the District of Oregon.

Allen and Lewis, alleging themselves to be partners, filed their libel against the steamship Alliance on the 10th day of June, 1893, in the United States district court for the district of Oregon. The libel was in proper form, and set forth as the ground of the action instituted thereby a lien upon said steamship, her tackle, etc., created by the laws of Oregon. On the 13th day of June the United States marshal for the said district of Oregon, in pursuance of a proper warrant of arrest, seized said steamship. On the 22d day of January, 1894, one F. R. Strong filed a petition in said district court, praying for a dismissal of said libel, and a discharge of said steamship Alliance from arrest. The petition commences: "Now comes F. R. Strong, as assignee of the Portland and Coast Steamship Company, claimant, petitions the court to dismiss the libel herein, and discharge said steamship Alliance from arrest, upon the ground that this honorable court has no jurisdiction to entertain this suit, or to have the custody of said steamship Alliance, and for grounds thereof alleges." Then follows the statements that the Portland & Coast Steamship Company is a corporation; that it made an assignment of all its property, including said steamship, for the benefit of creditors under the laws of the state of Oregon, and turned the same over to the possession of said assignee, Strong; that the said assignee accepted said trust, and duly qualified; that at the time of filing the aforesaid libel said assignee was in the possession of said steamship; that on the said 13th day of June, 1893, the United States marshal for the district of Oregon, by virtue of a warrant issued our of said district court, took from the possession of said assignee said steamship; that the said assignment was made and filed for record in Multnomah county, state of Oregon, and at the time of the institution of said suit the said assignee was, and the property of the said insolvent corporation was, and since has been, and now is, subject to the jurisdiction and orders of the circuit court of the state of Oregon for Multnomah county. The prayer of the petition is: "Wherefore, said F. R. Strong, as assignee as aforesaid, respectfully prays that the libel herein may be dismissed, and that said vessel may be restored to his possession." On the 29th day of January, 1894, the libelants filed certain exceptions to said petition. On the 21st of February of said year the above-named district court made the following order: "Now at this day this cause comes on to be heard upon the exceptions of the libelants filed to the petition of the claimants to dismiss this

libel herein for want of jurisdiction, and was argued by J. N. Teal, of counsel for said libelants, and by .C. E. S. Wood, of counsel for said complainant, on consideration whereof it is ordered and adjudged that said exceptions be, and the same are hereby, overruled, and that said petition be allowed; that the libel herein be, and the same is hereby, dismissed, without prejudice; and that said claimant do have and recover of and from said libelants his costs and disbursements herein taxed. And it is further ordered that the United States marshal do forthwith deliver up the possession of the said steamer Alliance, above named, to said claimant, Fred R. Strong, assignee of the Portland & Coast Steamship Company." Subsequently the libelants appealed the cause to this court. In this court the claimant filed his motion to dismiss said appeal upon the ground that this court had no jurisdiction to hear the same.

W. W. Cotton, for appellants.
C. E. S. Wood, for appellee.

Before McKENNA, Circuit Judge, and KNOWLES, District Judge.

KNOWLES, District Judge (after stating the facts). The first question presented for consideration in this case is as to the jurisdiction of this court to hear and determine the matters presented by the record upon the appeal in this case. The appellees contend that the only question presented for consideration is the question of the jurisdiction of the district court in which the libel was filed. The appellants contend that other issues are presented. If the question of jurisdiction is alone presented, it is evident that the motion to dismiss this appeal must be granted. Section 5 of the act of March 3, 1891 (26 Stat. 826, c. 517), and which act organized the several United States circuit courts of appeal, provides:

"That appeals or writs of error may be taken from the district courts or from the existing circuit courts direct to the supreme court in the following cases. In any case in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone shall be certified to the supreme court from the court below for decision."

In section 6 of said act it is provided:

"That the circuit court of appeals shall exercise appellate jurisdiction to review by appeal or by writ of error * * * all cases other than there provided for in the preceding section of this act unless otherwise provided by law."

There does not appear to be any other mode provided by law for reviewing a decision of the district or circuit courts of the United States upon the question of jurisdiction except by appeal or writ of error to the supreme court. In the case of McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118, it was held that it is only after final judgment that a writ of error or appeal lies to the supreme court upon the question of jurisdiction; that, after final judgment, a party feeling aggrieved could elect to take the whole case, by an appropriate mode, either to the circuit court of appeals upon the whole case, or to the supreme court upon the question of jurisdiction. If the whole case should be taken to the circuit court of appeals, and it should appear that the question of jurisdiction was involved, then the circuit court of appeals, if it thought proper, might certify this question to the supreme court. It will thus be seen that it was not contemplated that under any circumstances the question of the jurisdiction of the cir-

cuit or district courts should be determined by the circuit court of appeals. In the case of Manufacturing Co. v. Barber, 9 C. C. A. 79, 60 Fed. 465, the circuit court of appeals for the Seventh circuit held that, in order for a party to be entitled to a writ of error from the circuit court to the circuit court of appeals, there should be presented for review some other question than that of jurisdiction; and in that case the writ of error was dismissed.

We do not think a writ of error or an appeal should be allowed to the circuit court of appeals upon a question it has no authority to consider and decide. In this case it is evident that the claimant sought to present by his petition only the question of jurisdiction. The court, in its judgment, intended to decide only this question. The court probably entertained the view that, if the arrest of the Alliance was improper, then it had no jurisdiction of the cause; that before it would have such jurisdiction it must possess properly the custody of that steamship. In cases of seizure for the violation of the laws of navigation and trade of the United States, possession of the property sought to be condemned is necessary to the jurisdiction of the court. The Fideliter v. U. S., 1 Sawy. 153, Fed. Cas. No. 4,755. When the action is against a ship in admiralty to enforce some lien, the proceedings are properly denominated an action in rem. In the work entitled "Proceedings in Rem," by Waples (page 54), it is said:

"Seizure is the initial step in proceedings against the thing. * * * It is absolutely essential to the existence of the action, to the jurisdiction of the court, to the validity of the condemnation."

In Works on Courts and Their Jurisdiction (page 154) that author lays down the rule that in actions in rem "the court loses its jurisdiction by surrendering or otherwise losing the custody of the property." Without indorsing to their full extent the views of the above authors, their statements show that there are some grounds for holding that when a court loses the possession of the property libeled in an action in admiralty, where the action is against the thing, such as a ship, it loses jurisdiction of the case. We might be disposed to hold, if called upon, that there was no more reason for dismissing a libel against a ship because the court had temporarily lost possession of that property than there would be for dismissing an indictment because the defendant named therein had escaped. As this is a point touching the jurisdiction of the court, we have no authority to decide it. This shows that the question here presented is one of jurisdiction.

There is no doubt but that when the district court lost possession of the Alliance, it lost all right to proceed against it for the time being, and make a decree concerning the same. There was no bond given in lieu of such possession. The determination as to whether or not the complainant was an officer of the state court of Oregon was a jurisdictional question. Except as it had a bearing upon that question, its consideration did not belong to the case. The rules of comity which have been established between the federal and state courts demand, when the right to the possession of property becomes a matter of dispute between them, it shall be retained by the court which first obtained possession thereof until the termination of the

action in which the said property was seized. The determination as to whether the claimant was an officer of a court of the state of Oregon fixed the right to the possession of the Alliance, and hence the right of the court to proceed and make any decree concerning the same. While it may be true, as contended by appellants, that the jurisdiction of a court over a cause of action presented in a libel is one thing, and the right to proceed and try the facts presented therein is another matter, owing to the fact the court has not acquired jurisdiction over the defendant named in the libel, still we think the question is presented here as to whether the court, by losing the possession of the steamship Alliance, did not lose jurisdiction of the whole case. The losing possession permanently of that ship by the district court would undoubtedly have that effect. The court below treated this matter as a jurisdictional one. That was the view presented in the petition of the claimant, and, whatever our views about the issue presented may be, we think there is nothing but jurisdictional questions in the record. The motion to dismiss this appeal must be, therefore, sustained. It is ordered that the appeal in this cause be, and the same is, dismissed, at appellants' costs.

McKENNA, Circuit Judge, concurs.