UNITED STATES ex rel. COUNTY OF IRON v. SEVERENS, District Judge.

(Circuit Court of Appeals, Sixth Circuit. January 7, 1896.)

No. 357.

MANDAMUS—POWER OF CIRCUIT COURTS OF APPEAL—JURISDICTIONAL QUESTION.
    The circuit courts of appeal have no power to issue a mandamus directing a circuit court to dismiss a case in limine, on the ground that no jurisdiction has been acquired over the defendant by the method of service pursued, for the circuit courts of appeal can only issue a mandamus in aid of their own jurisdiction (Act March 3, 1891, § 12; Rev. St. § 716); and they have no jurisdiction in a case in which the only question

involved is the jurisdiction of the court below, as such cases are reviewable on appeal only in the supreme court (Act March 3, 1891, §§ 5, 6).

F. O. Clark, for petitioner.

Before TAFT and LURTON, Circuit Judges, and HAMMOND, J.

TAFT, Circuit Judge. This is a petition for mandamus to direct the district judge of the United States for the Western district of Michigan, sitting in, and holding the circuit court for that district, to dismiss an action pending before him, wherein Louis Webber is plaintiff, and the board of supervisors of the county of Iron, in the state of Michigan, are defendants. Webber filed his declaration against the defendants, and, following a practice permitted by the statute of the state of Michigan, instead of issuing process from the court, he filed a declaration in the office of the clerk, after having served a copy of the same upon the defendants, and a notice requiring the defendants to appear within 20 days after the service, and answer the declaration. The defendants appeared for the purpose of the motion only, and moved the court to set aside the service, and to quash all the proceedings, because no process had been issued out of the court under the seal of the court and signed by its clerk, as required by section 911 of the Revised Statutes, which provides that "all writs and processes issuing from the courts of the United States shall be under the seal of the court from which they issue, and shall be signed by the clerk thereof."

The power of this court to issue mandamus in any case depends on section 12 of the act of congress of March 3, 1891 (26 Stat. 829), in which it is provided that the circuit courts of appeal shall have the powers specified in section 716 of the Revised Statutes of the United States. Section 716 of the Revised Statutes provides as follows:

"The supreme court and the circuit and district courts shall have power to issue writs of scire facias. They shall also have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

In the case of U. S. v. Swan, 13 C. C. A. 77, 65 Fed. 647, this court intimated, although it was not necessary to the decision there, that the power of the circuit courts of appeals did not extend to the issuance of writs of mandamus to the existing circuit and district courts to control those courts in the matter of the exercise of their jurisdictions. We said in that case:

"In so far as the writ of mandamus is necessary for the exercise of the jurisdiction of this court as conferred by law, we have no doubt of our power to issue it. Where, therefore, a circuit or district court fails to execute a mandate of this court in a cause brought here by appeal or writ of error, it is not to be questioned that we may compel its execution by mandamus. Gaines v. Rugg, 148 U. S. 228, 13 Sup. Ct. 611. It is to be observed, however, that, by the fifth section of the circuit court of appeals act, appeals or writs of error may be taken from the district courts or from the existing circuit courts directly to the supreme court 'in any case in which the jurisdiction of the court is in issue. In such cases the question of jurisdiction alone shall be certified to the supreme court from the court below for decision.' By the

sixth section of the same act, the circuit courts of appeals are given power 'to exercise appellate jurisdiction to review by appeal or by writ of error final decision in the district and existing circuit courts in all cases other than those provided for' in the fifth section. It would seem to be clear, therefore, that where a circuit court or a district court refuses to hear a cause for want of jurisdiction, and the question thus decided may be heard on certificate in the supreme court under section 5, it would not be within the power of this court by mandamus to compel such circuit or district court to take jurisdiction of the cause, but that such power is vested in the supreme court whenever remedy by appeal or writ of error on certificate is not adequate."

We approve and affirm this limitation of our powers to issue writs of mandamus. In the present case the question whether, by the proceedings which were taken, the circuit court for the Western district of Michigan obtained jurisdiction over the defendants, was one which might have been carried for review directly to the supreme court upon a certificate of the circuit court. But such a question, unaccompanied by any other arising on the merits, would not be cognizable in this court. Manufacturing Co. v. Barber, 9 C. C. A. 79, 60 Fed. 465; Cabot v. McMaster, 13 C. C. A. 39, 65 Fed. 533. The right to issue writs of mandamus, of course, is incidental to the other powers expressly conferred upon this court, and does not arise except where it is thus incidental. As we could not consider a case on error presenting alone the issue of jurisdiction of the court below, we cannot exercise an appellate jurisdiction over the same subject-matter by mandamus.

The petition here filed was for the issuance of an alternative writ, and as, upon its face, it does not state a good ground for the remedy asked, the petition is dismissed, at the costs of the petitioner.