## THE ANNIE FAXON.

### (Circuit Court of Appeals, Ninth Circuit. May 3, 1898.)

### No. 414.

CIRCUIT COURT OF APPEALS—JURISDICTION.

The circuit court of appeals has no jurisdiction of an appeal in proceedings in admiralty for limitation of liability, when the only question presented for review on the record is whether the district court had power and jurisdiction, after final disposition of the questions of limitation, to enter a decree in personam against the owners of the vessel for damages suffered by some of the interveners.

Appeal from the District Court of the United States for the Southern Division of the District of Washington.

Cox, Cotton, Teal & Minor, for appellants.

Charles H. Taylor and Hubbard & Taylor, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. This was a petition by the Oregon Railway & Navigation Company, as owner, and the Oregon Short Line & Utah Northern Railway Company, lessee, for limitation of liability in respect to the damages caused by the explosion of the boiler of the steamer Annie Faxon on August 14, 1893, while the vessel was navigating the Snake river, in the state of Washington. The steamer was owned by the Oregon Railway & Navigation Company, but at the time of the accident it was leased to, and was being operated by, the Oregon Short Line & Utah Northern Railway Company. On September 18, 1893, both of these companies filed their joint and separate libels and petition in the district court for the district of Washington, in accordance with the provisions of the fifty-fourth admiralty rule, for the purpose of obtaining a limitation of their liability under section 4283 of the Revised Statutes of the United States, and such proceedings were thereupon had that an appraisement of the wreck was had, fixing its value at $3,520, and a bond in the sum of $4,020, in lieu of the appraised value, was made and given by the appellants. Thereafter various persons who were passengers upon said steamer, and injured by the explosion, and representatives of deceased passengers killed by the explosion, as well as various persons who were employés upon the steamer, injured by the explosion, and representatives of deceased employés killed by the explosion, appeared in the proceedings, and presented and filed their claims for damages, and also made and filed separate answers in the nature of cross bills, contesting the right of the appellants to an exemption from or a limitation of their liability in the premises. Among the claims so filed, and for which judgments were asked against the appellants, and each and both of them, were the following for and on behalf of the appellees: Lewis T. Lawton, a passenger, $176,000; Mary A. McIntosh, as administratrix of the estate of John McIntosh, deceased, a passenger, $50,000; and Susan McIntosh, as widow and sole heir at law of Thomas McIntosh, deceased, a passenger, $50,000. The district court held that the appellants were entitled to limit their liability with respect to the

claims of all the persons injured, and a decree was entered accordingly. From this decree an appeal was taken to this court, and this court held that the appellants were entitled to have their liability limited for damages resulting from the explosion with respect to the claims of the employés, but were not entitled to have their liability so limited with respect to the claims of passengers. 21 C. C. A. 366, 75 Fed. 312. The decree was, therefore, reversed as to the claims of the appellees, and the cause was remanded for further proceedings in the court below, not in conflict with the opinion of this court. When the mandate of this court was entered in the district court, the appellees filed a petition praying that the fund in court be distributed, and a commissioner appointed to take testimony as to the damages suffered by the appellees. Testimony was accordingly taken as to such damages, and an order was made, distributing the fund in court to the various claimants, including a portion of it to the appellees. The court then proceeded and ascertained the amount of damages suffered by the appellees, and entered a personal judgment against the Oregon Short Line & Utah Northern Railway Company, for such damages in favor of the claimants as follows: Lewis T. Lawton, $20,000; Mary A. McIntosh, as administratrix of the estate of John McIntosh, deceased, $10,000; and Susan McIntosh, as widow and sole heir at law of Thomas McIntosh, deceased, $10,000. From this judgment the appellants have prosecuted the present appeal.

The errors assigned—six in number—may be reduced to the following: First. The district court erred in making the order appointing a commissioner to take evidence as to the damages claimed to have been sustained by the appellees, for the reason that the district court had no power, under the mandate of the circuit court of appeals, or under the practice in such proceedings, to enter a personal judgment or decree against the appellants in excess of the limited liability fund in the district court represented by the bond taken in that behalf. Second. The district court erred in depriving the appellants of a trial by jury as to the claims of the appellees in excess of the limited liability fund in the district court. Third. The district court erred in entering a personal judgment against the Oregon Short Line & Utah Northern Railway Company in favor of the appellees. Fourth. The district court erred in entertaining jurisdiction of the proceedings for the purpose of ascertaining the liability of the appellants, or either of them, in excess of the fund represented by the bond given by the appellants. It is contended on the part of the appellants that the only decree which could have been entered in the court below upon the mandate of this court was one dismissing the injunction restraining the appellees from pursuing appropriate remedies to collect from the appellants the damages claimed to have been suffered by the appellees, and that the district court had no power to retain jurisdiction of the proceedings for the purpose of entering a judgment against the appellants, or either of them, for damages.

It appears that before the taking of the testimony in the case it was stipulated that no action or appearance on the part of the ap-

pellants should be taken or held as a waiver of any objection to the jurisdiction of the court, or to the jurisdiction of the court to enter up any judgment or decree assessing damages in favor of the appellees, or either of them; that, upon the commissioner of the court proceeding to take testimony, the appellants appeared specially, and reserved the right to make any and all objections to the jurisdiction of the court to further try, hear, and determine any matter whatsoever in the proceedings, or to the jurisdiction of the court to render any judgment or decree therein, assessing damages in favor of the appellees; that no other objection or exception whatever to any testimony, evidence, ruling, direction, or proceeding was made, taken, or suggested, and no error of law noted or excepted to, or called to the attention of the district court by the appellants, or either of them, in the proceedings or at the trial; and that neither of the appellants, by their attorneys or otherwise, made any request, application, or motion for a jury trial in the district court. The only question contained in the record on the present appeal is, therefore, the question of the jurisdiction of the district court to hear and determine the issues as to the liability of the appellants for the damages sustained by the appellees, and to enter a judgment against the Oregon Short Line & Utah Northern Railway Company and in favor of the appellees in excess of the fund in the district court represented by the bond given by the appellants. The act of March 3, 1891 (26 Stat. 826), creating the circuit court of appeals, provides in section 5 of the act:

"That appeals or writs of error may be taken from the district courts or from the existing circuit courts direct to the supreme court in the following cases: In any case in which the jurisdiction of the court is in issue in such cases the question of jurisdiction alone shall be certified to the supreme court from the court below for decision. * * *

"Sec. 6. That the circuit court of appeals established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decision in the district court and the existing circuit courts in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law."

In McLish v. Roff, 141 U. S. 661, 668, 12 Sup. Ct. 118, 120, the supreme court held that, after a final judgment in the circuit court, "the party against whom it is rendered must elect whether he will take his writ of error or appeal to the supreme court upon the question of jurisdiction alone, or to the circuit court of appeals upon the whole of the case. If the latter, then the circuit court of appeals may, if it deem proper, certify the question of jurisdiction to this court."

In the case of The Alliance, 44 U. S. App. 52, 17 C. C. A. 124, and 70 Fed. 273, this court held that, to give the circuit court of appeals jurisdiction to review an appeal from the district court in admiralty under the act of March 3, 1891, it was necessary to present for review some question other than that of jurisdiction, and, as the case did not present such a question, the appeal was dismissed.

In Manufacturing Co. v. Barber, 18 U. S. App. 476, 9 C. C. A. 79, and 60 Fed. 465, the circuit court of appeals for the Seventh judicial circuit held the same doctrine upon a writ of error from the cir-

cuit court, and in that case the writ of error was dismissed. In the present case the substantial and only question is as to the power of the district court to render a personal judgment or decree against the company having the custody, control, and management of the steamer at the time of the accident. This is clearly a question of jurisdiction, which this court is not authorized to review. The appeal is therefore dismissed, at appellants' costs.