CHARLES SHIRLEY *vs.* SUMNER SHATTUCK.

The provisions in Rev. Sts. *c.* 92, §§ 12, 13, that when service is made on part only ot the defendants who are jointly sued on a contract, the suit may proceed against those on whom service is made, and that the judgment recovered in such suit, while it remains unsatisfied, shall not be a bar to a subsequent suit brought against the other joint contractors, apply as well to a judgment recovered in another State, as to a judgment recovered in this Commonwealth.

By virtue of *St.* 1836, *c.* 273, which prohibits special pleas in bar, and allows all matters of defence to be given in evidence under the general issue, a defendant may give in evidence any matter set forth in his original specification of defence, although he files and also relies on another specification *puis darrein continuance;* such second specification not being a waiver of the first : The effect of that statute is, to give a defendant the right to prove all matters existing at the time of the trial, which may be effectual in law to bar the plaintiff's action.

THIS was an action on a bond, joint and not several, executed on the 23d of April 1845, by Josiah K. Bennett, as

principal, and Sumner Shattuck, the defendant, as surety, conditioned for the performance, by Bennett, of an award of arbitrators, to whom he and the plaintiff had submitted all matters in difference between them. The original writ, in this case, was issued against the defendant and said Bennett; but the officer made return that he could not find said Bennett in his precinct, nor any property of his, and therefore made no service upon him. At the return term, the plaintiff filed a bill of particulars of his claim under said bond; to wit, the non-performance of the award of arbitrators, as mentioned in the condition of the bond. The defendant, after having oyer of the bond, pleaded the general issue, and filed a specification of the matter which he proposed to give in evidence, in avoidance or discharge of the plaintiff's cause of action. After several continuances, the defendant, by leave of court, (the plaintiff objecting,) filed a further specification of matter of defence, which had happened since the last continuance.

At the trial in the court of common pleas, before *Wells*, C. J. at December term 1846, the execution of the bond, the hearing before arbitrators, their award, and Bennett's refusal or neglect to perform it, were admitted. The defendant then offered to give evidence of the matter stated in his first specification of defence; but the plaintiff objected, and the judge excluded the evidence, on the ground that the defendant was precluded from giving such evidence, by his filing of a second specification, and relying on it in his defence.

The defendant then gave in evidence, under his second specification of defence, a copy of a writ, dated September 29th 1845, returnable to the court of common pleas to be held at Manchester, in the county of Hillsborough, in the State of New Hampshire, on the fourth Tuesday of October 1845, wherein the said Bennett and Shattuck were jointly impleaded, by the present plaintiff, in an action of debt, founded on the same bond, and for the same cause of action that is embraced in the plaintiff's bill of particulars in the present case. And it appeared from the officer's return, indorsed on said writ, that he made service thereof on said

22 *

Bennett, but that he could not find, in his precinct, either said Shattuck or any of his property.   In connexion with said writ and return, the defendant gave in evidence an authenticated copy of the proceedings of said court in New Hampshire, in said action, from which it appeared that said action was duly entered at the return term of said writ, and was continued, from term to term, until the term of said court held at said Manchester, on the fourth Tuesday of October 1846, (which was since the last continuance of the present action,) when and where the said plaintiff recovered judgment against said Bennett for the sum of $149·05 damages, and $18·57 costs. The defendant's counsel contended that said judgment, thus recovered, was a bar to a recovery in this action against him. But the court ruled otherwise, and the plaintiff obtained a verdict.   The defendant filed exceptions to the judge's ruling.

It was admitted, at the argument, that at the time of the execution of the bond in suit, and at the time of the trial, Bennett was an inhabitant of New Hampshire, and the defendant an inhabitant of this Commonwealth.

*B. Russell,* for the defendant.   The judgment in New Hampshire, against Bennett, is a bar to this suit.   *Ward* v. *Johnson,* 13 Mass. 148.   *King* v. *Hoare,* 13 Mees. & Welsb. 494.   *Pierce* v. *Kearney,* 5 Hill, 82, and cases there cited. *Williams* v. *McFall,* 2 S. & R. 280.   *Willings* v. *Consequa,* Peters C. C. 301.   *Downey* v. *Farmers & Mechanics Bank of Greencastle,* 13 S. & R. 288.

The Rev. Sts. *c.* 92, §§ 12, 13, which provide that actions on contract, brought against several defendants, where service is made only on part of them, may proceed against those on whom service is made, and that the judgment recovered against one or more of several joint contractors, while unsatisfied, shall not bar an action against the other contractors, relates only to actions brought and judgments recovered thereon in this Commonwealth.   Besides ; the present action, if within the letter of the statute, is not within its spirit and reason.

The ruling, as to evidence under the first specification

cannot be sustained. The old rule on this subject is entirely changed by *St.* 1836, *c.* 273.

*Farley*, for the plaintiff. The judgment in New Hampshire is no bar to this action. The case of *Ward* v. *Johnson*, 13 Mass. 148, is not like this case, and the reason given for that decision does not apply here. There a judgment against one of two joint contractors was held to be a bar to a suit against both. In the present case, a judgment is sought against each severally; thus merely severing a joint contract.

This point is adjudged in the plaintiff's favor, in *Dennett* v. *Chick*, 2 Greenl. 191, and in *Olcott* v. *Little*, 9 N. Hamp. 259. And the law of these cases was the law of this Commonwealth, before the passing of the revised statutes. The case in 2 Greenl. 191 was decided on the common law of Massachusetts.

The Rev. Sts. *c.* 92, §§ 12, 13, in terms, cover this case, and were intended to make certain a matter, on which there had been an apparent conflict of decisions; as in 13 Mass. *ubi sup.* and *Sheehy* v. *Mandeville*, 6 Cranch, 253. Judgments in another State stand on the same ground, in most respects, as judgments in this State. It was a judgment in New Hampshire that was held to be no bar in *Dennett v. Chick*, before cited.

A plea *puis darrein continuance* is a waiver of former pleadings. 1 Chit. Pl. (6th Amer. ed.) 697, 698. Steph. Pl. (1st Amer. ed.) 83. *Webb* v. *Steele*, 13 N. Hamp. 230. This doctrine is as applicable to notices or specifications, under *St.* 1836, *c.* 273, § 2, as to special pleas at common law. See *Brickett* v. *Davis*, 21 Pick. 404. *Littlefield* v. *Pratt*, 8 Met. 287.

SHAW, C. J. 1. The first question is, whether a judgment against one of two joint obligors is a bar to an action of debt, on the original obligation, against another joint obligor. It seems to be useless to examine and review the numerous authorities cited in the argument; because we think the case is within the provisions of the revised statutes, intended, apparently, to remove doubts, fix the law upon the subject, and do away

the effect of those authorities, so far as it is in conflict with them. By Rev. Sts. *c.* 92, § 12, it is provided, that in a suit against several, on a joint contract, if one only is legally served, the suit may proceed to judgment against such one, without further proceedings against the others; and by § 13, if such judgment remain unsatisfied, an action on the same contract may be afterwards maintained against any of the other joint contractors, as if the contract had been joint and several. This is equivalent to an express enactment, that such prior judgment against one shall not be a bar to an original action against another joint obligor. It is a statute severance, and analogous to the case, where one joint obligor dies, in which a separate suit may be maintained against the survivor. If, therefore, the judgment relied on had been a judgment in Massachusetts, the statute would have been an answer to the objection. And the court are of opinion that a judgment in New Hampshire, which by courtesy is allowed to have, in most respects, the force and effect of a domestic judgment, can have no greater effect in barring an action in this Commonwealth. The court are of opinion that, upon this point, the decision of the court of common pleas was right.

2. Another question arises in this case, which was this: The defendant having pleaded the general issue, and filed a specification of defence, conformably to the present practice established by *St.* 1836, *c.* 273, the action was continued. At a succeeding term, the defendant, by leave, filed another specification of defence, consisting of matter which occurred since the last continuance; to wit, the recovery of a judgment, as hereinbefore stated, in another State, against another party, on the same obligation, and relied upon such judgment as a bar. He also offered evidence, under his original specification of defence, of matters in bar. This was objected to. The court decided that such second specification of defence, and a reliance upon it, at the time, by giving evidence under 't, was in the nature of a plea *puis darrein continuance*, was waiver of his former plea, and that the defendant could

not give evidence, under it, in support of his original matter in bar.

The court are of opinion that this was pressing the analogy of our present practice to special pleading, beyond its just bearing. It would, no doubt, be held, under the practice of special pleading, that a plea in bar, *puis darrein continuance*, is a waiver of all prior pleas of matter of fact. It is founded on the well established rule, that regularly, at common law, a party can have but one plea in bar; and if that is found against him, judgment is in chief. If it were otherwise, and he might have judgment to plead over, pleas would extend *ad infinitum.* Gould Pl. 373. This being the case, a plea since the last continuance, being a special plea, is of necessity a waiver of his prior plea, whether it be the general issue or a plea in bar. Bac. Ab. Pleas and Pleadings, Q.

Whether a plea *puis darrein continuance* can be pleaded after a demurrer, and whether, if it can, it waives the demurrer, may be considered doubtful. In *Martin* v. *Wyvill*, 1 Stra. 493, it was said *arguendo*, by Eyre, J. citing Mo. 871, that this plea could not be pleaded after a demurrer; on which the other judges expressed no opinion. But this was opposed to the case of *Stoner* v. *Gibson*, Hob. 81. And see also *Barber* v. *Palmer*, 1 Ld. Raym. 693, and 1 Salk. 178. But without going more minutely into the rules of special pleading, the court are of opinion that the legislature intended, by *St.* 1836, *c.* 273, § 1, to give the benefit of any matter of valid defence under the general issue. The provision is that " in every civil action hereafter to be tried, in the supreme judicial court or court of common pleas, all matters of law or of fact, in defence of such action, may be given in evidence under the general issue." By § 2, courts are authorized to pass rules respecting notices to the opposing party ; but this does not vary the effect of the general issue. The statute manifestly extends to all matters which may exist at the time of the trial, and may then be effectual in law to bar the action. Many such matters, as payment, release, accord and satisfaction, and the like, may first arise and commence

after the action is brought, after it is entered, after plea pleaded and issue joined, and yet be a complete defence.   The statute fully embraces and includes all matters in defence. The court are therefore of opinion that the defendant should have been admitted to show, if he could, the matters of defence, of which notice was given by his first specification. This having been refused, the exceptions, for this reason, must be sustained.

*Verdict set aside, and a new trial ordered.*