JAMES DUNLAP

*v.*

JAMES B. TURNER.

PLEA IN ABATEMENT—*sending process to foreign county.* In an action of assumpsit brought in the circuit court of Gallatin county, the defendant filed a plea in abatement of the writ, that he was a resident of the county of Morgan and had not been found or served with process in the county of Gallatin, and "that the said debts, contracts or causes of action mentioned in the plaintiff's declaration did not accrue in the county of Gallatin, nor were they made payable in said county": *Held,* that a reasonable construction of the language of the plea was, that all the said debts, contracts or causes of action did not accrue nor were made payable in the county of Gallatin, and that, the declaration purporting to embrace several causes of action, the plea was defective in not averring that no one of the said debts, contracts or causes of action accrued or was made payable in the county of Gallatin.

APPEAL from the Circuit Court of Gallatin county; the Hon. ANDREW D. DUFF, Judge, presiding.

Messrs. BOWMAN & WASSON, and Mr. T. B. TANNER, for the appellant.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought in the circuit court of Gallatin county. The declaration contained two special and the common counts. The defendant filed a plea in abatement of the writ, that he was a resident of the county of Morgan, and had not been found nor served with process in the county of Gallatin, and "that the said debts, contracts or causes of action mentioned in the plaintiff's declaration did not accrue in the county of Gallatin, nor were they made payable in said county."

A demurrer to the plea was sustained.

The defendant appeals, and assigns for error the sustaining of the demurrer to the plea.

The declaration purported to embrace several causes of action. The reasonable construction of this language of such a

plea is, that all the said debts, contracts or causes⁴of action did not accrue nor were made payable in the county of Gallatin. This might have been, and yet some one of them might have accrued or been made payable in Gallatin county, in which event the court would have had jurisdiction.

The defendant must, by his plea, show that the court had no jurisdiction in any event.

The plea was defective, in not averring that no one of the said debts, contracts or causes of action accrued or was made payable in the county of Gallatin. *Diblee* v. *Davison,* 25 Ill. 486.

The judgment is affirmed.

*Judgment affirmed.*