Finch v. Galigher.

## Lucius R. Finch v. Frank L. Galigher.

71    75
181s 625

1. PLEADING—*Effect of Dilatory Motions and Pleas.*—There is no rule of law that the use of more than one dilatory motion or plea in the same case shall have the effect of a full appearance in the case. A defendant may make as many such motions and file as many such pleas as he deems necessary, provided he pursues the regular order of pleading in so doing, and may limit his appearance to the question raised by each successive motion or plea if he so desires.

2. JUDGMENTS—*As a Bar to Suit on Original Claim—The Rule at Common Law.*—It is a well settled rule of the common law that a judgment on a joint obligation, against one or more of several joint obligors, is a bar to any suit thereafter brought against obligors not served, and against whom judgment was not rendered.

3. SAME—*Rendered Outside of State as a Bar to Suit on Original Demand.*—Section 12 of the practice act, providing that a judgment against one of several joint debtors shall not be a bar to a recovery on the original cause of action against those not served, in any suit brought against them in any place other than the county where the first suit is brought, does not apply to judgments rendered outside of the State.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Alexander County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1897. Affirmed. Opinion filed September 10, 1897.

### STATEMENT OF THE CASE.

This suit was begun December 30, 1893, in the Circuit Court of Alexander County, by appellant, against Charles

Galigher and appellee, to recover upon a promissory note of tenor as follows:

"$4,486.84.　　　　　　　　New York, July 20, 1886.

Six months after date, we promise to pay to the order of L. R. Finch's Sons, forty four hundred eighty six and 84-100 dollars, at the office of L. R. Finch's Sons. Value received.

　　　　　　　　　　Charles Galigher & Son."

(Indorsed): "Without recourse.

　　　　　　　　　　L. R. Finch's Sons."

The writ commanded the sheriff "to summon Charles Galigher and Frank L. Galigher (late partners under the name and style of Charles Galigher and Son), to appear at the February term of court, 1894."

On the 30th of December, 1893, the sheriff returned the summons, "Personally served the within writ, by reading the same to the within defendant, Frank L. Galigher. (Charles Galigher not served, by order of plaintiff's attorney.)

Plaintiff's original declaration was filed May 1, 1894. At the May term, 1894, the defendant Frank L. Galigher, limiting his appearance to that purpose only, moved the court to quash the return on the writ, which motion the court overruled. He then, limiting his appearance as before, moved the court to quash the summons, because of a variance between it and the declaration. Thereupon plaintiff entered a cross-motion for leave to amend the writ and declaration, which was allowed and the motion to quash the writ was overruled, and the plaintiff, by leave of court, dismissed his suit as to defendant Charles Galigher, and amended the summons and declaration, leaving Frank L. Galigher the only party defendant named therein. February 11, 1895, the plaintiff, by leave of court, filed an amended declaration, consisting of two special counts on the note, and the common money counts. The first count alleges that, "the said defendant, and one Charles Galigher, late partners under the name and style of Charles Galigher & Son," executed and delivered the note to L. R. Finch's

Finch v. Galigher.

Sons; that the latter indorsed it to the plaintiff. That afterwards the plaintiff brought an action against Charles Galigher and the defendant, on the note, in the Supreme Court of the County and State of New York, and that process was served on said Charles Galigher, but not on the defendant.

That on the 22d of November, 1892, plaintiff recovered judgment in said action against the said Charles Galigher for the full amount due on said note. That at the time when said action was commenced, and from thence to the time of the rendition of the judgment the defendant was, and from thence hitherto had been, without, and a non-resident of the State of New York, so that he could not be served with process in said action. That said judgment has not been reversed, annulled, paid or satisfied, in whole or in part.

The second count alleges, that the defendant and one Charles Galigher, late partners under the name and style of Charles Galigher & Son, executed the note, and thereby then and there jointly and severally, "promised to pay," etc., the same as in the first count, except there is no allegation of any action or proceedings on the note, or the recovery of any judgment in the State of New York.

The third count is made up of the common money counts, with a further averment of the recovery of the judgment in the State of New York, substantially the same as in the first count.

The breach is, "Nevertheless, neither the said defendant nor the said Charles Galigher has paid the several sums of money," etc. On February 13, 1895, the defendant, limiting his appearance to that purpose, made a motion to quash the summons as amended, because of a variance between it and the declaration as amended, which the court overruled. On the 23d of February, 1895, the defendant filed his plea in abatement, duly verified, alleging the non-joinder of Charles Galigher as a co-defendant, and further alleging that he was still living, at the said county of Alexander, and praying that because he is not named in the writ that it be

quashed. On the 25th of the same month, the plaintiff moved the court to strike defendant's plea in abatement from the files, because it was not filed in apt time, which the court overruled, and the plaintiff excepted. On the 20th of May, 1895, the plaintiff filed a replication to the defendant's plea, which (after the entitling portion) is as follows: "And the said plaintiff saith that his said writ, by reason of anything by the said defendant in his said plea above alleged, ought not to be quashed, because he says that, on the 22d day of November, 1892, in the Supreme Court in and for the county of New York, in the State of New York, at the November term thereof, 1892, in a certain action brought by the said plaintiff against the said Charles Galigher and the said defendant, upon the said several promises and undertakings in the said plea and declaration mentioned, in which said action the said Charles Galigher, but not the said defendant, was served with process, the said plaintiff recovered judgment against the said Charles Galigher for the full amount then and there due the said plaintiff, as, by the record and proceedings thereof now remaining in the said Supreme Court, will more fully appear. And the said plaintiff avers that when the said action was commenced, and up to the time when said judgment was rendered, the said defendant, Frank L. Galigher, was without the State of New York, and a non-resident thereof, so that process could not be served upon him in said action; and this the said plaintiff is ready to verify by the record. Wherefore he prays judgment if the said writ ought to be quashed, and that the said defendant may answer over, etc.

To this replication the defendant demurred; and on the 27th of May the court took the demurrer under advisement, and on December 12, 1895, sustained the demurrer, quashed the writ, and rendered judgment against plaintiff for costs; to which plaintiff excepted, and appealed to this court, and assigns three errors, viz: First, that the court erred in sustaining the demurrer to the replication to the plea in abatement; second, that the court erred in quashing the summons; third, that the court erred in rendering judgment for the defendant.

LANSDEN & LEEK, attorneys for appellant.

GREEN & GILBERT, attorneys for appellee.

MR. JUSTICE BIGELOW DELIVERED THE OPINION OF THE COURT.

As the order of the court overruling appellant's motion to strike appellee's plea in abatement from the files has not been assigned for error, this court would be justified in refusing to consider the matter. But since the counsel on both sides seem to have assumed that such an assignment was made, or that the question would necessarily have to be determined under some one of the errors actually assigned, and hence have fully and ably discussed the matter, we have concluded not to ignore it.

If the defendant, before filing his plea in abatement, had appeared for any purpose other than to make motions going directly to the writ, the matter might have been very different from what it now is. What he did, and all he did, before filing his plea, was to move to quash the return to the writ, and this motion being overruled, he next moved to quash the writ for a variance between it and the declaration as they then stood, which was also overruled. In the meantime plaintiff dismissed his suit as to Charles Galigher, and amended the summons so that Frank L. Galigher was the only defendant named therein, and by leave of court filed a new amended declaration against Frank L. Galigher alone; whereupon defendant filed a further motion to quash the amended writ for a variance between it and the amended declaration, which was overruled by the court. In each of these motions the defendant specifically limited his appearance to the object of the motion.

It is a mistake to suppose the defendant was rightfully entitled to make but one dilatory motion, or file but one dilatory plea, without its having the effect of a full appearance in the case. He could make as many such motions and file as many such pleas as he deemed necessary, provided he pursued the regular order of pleading in doing so.

He could not however have made any one of the motions he did make, or filed a plea in abatement for non-joinder, and after that, have rightfully filed a plea in abatement to the jurisdiction of the court, because such a plea comes first in the order of pleading, and the reason is, because there is manifest absurdity in calling upon the court to determine the sufficiency of a motion or plea, and afterward insisting that the court had no jurisdiction to determine anything except its own lack of jurisdiction.

Nor could he have first filed his plea in abatement for non-joinder of Charles Galigher, and then followed it with the motions or any of them he did make, because the plea was founded upon a matter *dehors* the record (and for this reason had to be verified by affidavit), while the motions were not so founded, and hence preceded the plea, in the regular order of pleading, as laid down by all the standard writers on pleading and practice. The motion to strike defendant's plea from the files was properly overruled.

The plaintiff by replying to defendant's plea admitted that Charles Galigher and the defendant were copartners in the execution of the note, and sought to avoid the necessity of making Charles a party to the suit, by setting up the fact that judgment had already been recovered by the plaintiff against him on the note in the county and State of New York.

Whether the defendant could not have raised the question as to the effect of that judgment by demurrer to some of the counts of plaintiff's declaration, we shall not stop to inquire, but the question could certainly not have been raised on demurrer to the second count of the declaration. The effect of this judgment is the vital question in the case.

It is a well settled rule of the common law, a rule long since adopted and steadily adhered to by the Supreme Court of this State, that a judgment on a joint obligation, against one or more of several joint obligors, is a bar to any suit thereafter brought against the obligors not served, and against whom the judgment was not rendered. The reason of this rule is said to be, because the judgment is of a higher

order of security than a simple obligation, and since both can not exist, the entire obligation is merged in the judgment.

To avoid the effect of this rule, a law was enacted by the legislature of this State as long ago at least as 1845, providing that parties not served could, subsequently to the rendition of the judgment, be brought in by *scire facias*, and made parties to the judgment, and this law is now section 10 of our present practice act. In 1872, the legislature enacted another law, which is now section 12 of our practice act, and which is as follows:

"When several joint debtors are sued and any one or more of them shall not be served with process, the pendency of such suit, or the recovery of a judgment against the parties served, shall be no bar to a recovery on the original cause of action against such as are not served, in any suit which may be brought against them in any other place than in the county where the first suit is brought. This section shall not be so construed as to allow more than one satisfaction."

Appellant has plead no statute of New York saving the merger, and does not contest the fact that this court must presume the common law of England is a part of the law of New York, but as we understand appellant's counsel, the contention is, that section 12 of our practice act (above quoted) saves the note from merging in the judgment, and failing in this, that the fact the defendant was not a resident of, and was not in the State of New York at the time suit was brought and judgment rendered there, prevented the merger. As we regard the first contention the more important, we will first consider it.

The act in which the section is found is entitled "An act in regard to practice in courts of record." It seems evident to us that the law embraces only joint debtors who are sued and not served in this State, and that the legislature did not intend to embrace joint debtors who might be sued elsewhere, even though they might be residents of this State at the time. The primary object of laws is for the protection

of subjects of the State which enacts them. It will be time to determine the question, if the legislature of this State can legally enact that a joint obligation on which one of the co-obligors has been sued and judgment rendered in a foreign State, shall not become merged in a judgment there when it has attempted to do so. All that it has thus far done is to enact a law which, with the necessarily implied words, reads as follows: When several joint debtors are sued in this State, and any one or more of them shall not be served with process in this State, the 'pendency of such suit or the recovey of a judgment against the parties served shall be no bar to a recovery on the original cause of action against such as are not served, in any suit, which may be brought against them in any other place in this State than in the county where the first suit is brought." This law is a partial repeal of the common law on the subject of merger, and in construing it courts should be governed by the rule laid down by Mr. Dwarris, which is: "When a statute alters the common law, the meaning shall not be strained beyond the words, except in cases of public utility, when the end of the act appears to be larger than the enacting words." Dwarris on Stat., 196.

The case of Shirley v. Shattuck, 54 Mass. (13 Met.) 256, relied on by appellant's counsel, though contrary to the great weight of authority on the question, still falls far short of sustaining the point contended for. In that case, Shattuck and one Bennett were joint obligors and were sued in New Hampshire, and judgment was rendered against Bennett alone. Afterward Shattuck was sued in Massachusetts under a statute which provided, "If such judgment remains unsatisfied, an action on the same contract may be afterward maintained against any of the other joint contractors, as if the contract had been joint and several." This statute is much broader than section 12 of the practice act of this State as will be readily seen. The only analogy of that case to this that we can discover is, there as here the judgment was rendered in a foreign State. The case of Merriman v. Barker, 121 Ind. 74, as well as the other cases

cited by appellant's counsel, in support of their contention, are cases holding that where the joint obligors are residents of different States, a judgment against one of them, where he resides, is no bar to a suit against others residing in other States. Without going further, it is sufficient to say that the plea of defendant avers that Charles Galigher "is still living at the county of Alexander" in this State, where the suit was brought, and this is not controverted in the replication, and it is not averred in the replication that Charles Galigher and the defendant ever resided in different States. All that is averred might well be true, and yet they may have resided in the same house when the suit was brought and the judgment rendered in New York.

The order of the court sustaining the demurrer and quashing the writ was right, and as, under the circumstances, the court had no alternative but to render judgment against plaintiff for costs, the judgment will be affirmed.