LUCIUS R. FINCH

*v.*

FRANK L. GALIGHER.

|181    625|
|215   ¹157|

*Opinion filed June 19, 1899—Rehearing denied October 6, 1899.*

1. PLEADING—*general demurrer reaches all objections to plea in abatement.* A general demurrer is sufficient to reach all objections to a plea in abatement, whether as to matters of form or substance.

2. SAME—*plea in abatement must answer all it purports to cover.* A plea in abatement to a suit on a note which merely recites what is alleged in a certain count of the declaration, without anything *dehors* the record, so far as such count is concerned, is demurrable.

3. SAME—*effect where plea in abatement and replication are both bad.* Where a plea in abatement and the replication thereto are both bad, a demurrer to the replication should be carried back to the plea in abatement but cannot go beyond it.

4. PARTNERSHIP—*when judgment against one partner on joint note does not release other.* By virtue of section 11 of the Practice act, (Rev. Stat. 1874, p. 776,) where a suit is begun in a foreign State against partners on their joint note and only one partner is served, the judgment against the latter does not merge the joint demand so as to bar a suit in this State against the partner not served, in the absence of satisfaction of the judgment.

CARTWRIGHT, C. J., does not fully concur in the opinion.

*Finch* v. *Galigher*, 71 Ill. App. 75, reversed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Alexander county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

Appellant brought suit to recover from appellee the amount of a promissory note assigned to appellant by the payees. The note was dated at New York, July 20, 1886, due six months after date, payable to the order of L. R. Finch & Sons, for $4486.84, at the office of L. R. Finch & Sons, and was signed "Charles Galigher & Son." On December 30, 1893, the sheriff returned that he served Frank L. Galigher, and that Charles Galigher was not served by order of plaintiff's attorney. No declaration

181—40

was filed at the return term, and the cause was continued. On May 1, 1894, a declaration was filed complaining of Frank L. Galigher, impleaded with Charles Galigher, and averring they, as partners, under the firm name of Charles Galigher & Son, at New York, to-wit, in the county and State aforesaid, made and executed the note sued on, setting up the same and setting out the endorsement. On February 23 the defendant filed the following plea: "And the said Frank L. Galigher, by Green & Gilbert, his attorneys, comes and defends the wrong and injury, when, etc., and prays judgment of the said writ, because he says that the several supposed promises and undertakings in the said declaration mentioned, if any such were made by the said defendant, were, and each of them was, made by the said defendant jointly with one Charles Galigher, as partners, in and under the name and style of Charles Galigher & Son, and not by the said defendant alone, which said Charles Galigher is still living, to-wit, at the county of Alexander, aforesaid; and this he, the defendant, is ready to verify, wherefore, inasmuch as the said Charles Galigher is not named in the said writ together with the said defendant, he, the said defendant, prays judgment of the writ and that the same may be quashed," etc. To this plea a replication was filed, with caption, and in substance as follows:

"STATE OF ILLINOIS, } ss.    *In the Circuit Court, May term,*
County of Alexander.  }              *A. D. 1895.*

"Lucius R. Finch *vs.* Frank L. Galigher.—Assumpsit.

"And the plaintiff saith that his said writ, by reason of anything by the said defendant in his said plea above alleged, ought not to be quashed, because he says that on the 22d day of November, 1892, in the Supreme Court in and for the county of New York, in the State of New York, at the November term thereof, 1892, in a certain action brought by the said plaintiff against the said Charles Galigher and the said defendant, upon the said several promises and undertakings in the said plea and

declaration mentioned, in which said action said Charles Galigher but not the said defendant was served with process, the said plaintiff recovered judgment against the said Charles Galigher for the full amount then and there due the said plaintiff, as by the record and proceedings thereof now remaining in the said Supreme Court will more fully appear. And the said plaintiff avers that when the said action was commenced and up to the time when said judgment was rendered, the said defendant, Frank L. Galigher, was without the State of New York and a non-resident thereof, so that process could not be served upon him in the said action; and this the said plaintiff is ready to verify by the record, wherefore he prays judgment if the said writ ought to be quashed, and that the said defendant may answer over," etc.

To this replication appellee demurred, and for special grounds averred said replication is not properly entitled in the proper court; that it improperly concludes with a verification by the record; that the conclusion is not in proper form, and that it is otherwise informal and insufficient. The demurrer was sustained, the writ quashed and judgment entered against the plaintiff for costs. He appealed, and assigned in the Appellate Court for the Fourth District the following errors: First, the court erred in sustaining the demurrer to the replication; second, in not carrying the demurrer back to the plea in abatement; third, the court erred in quashing the summons; and fourth, the court erred in rendering judgment for defendant and against the plaintiff. The judgment of the circuit court was affirmed. An appeal is prosecuted to this court, and errors assigned on the record of the Appellate Court for its affirmance of the judgment of the circuit court.

LANSDEN & LEEK, for appellant.

GREEN & GILBERT, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The question presented on this record is whether the demurrer was properly sustained to the replication. The entire question as to the right of recovery by reason of the execution of the note by the firm, and the recovery against one member of that firm in the Supreme Court of New York for the county of New York, was presented by the count of the declaration filed in this case.

Appellant contends that the suit in New York having been brought against both partners and one not being served because he was a non-resident of and was not and had not been in that State so that he could be served, therefore a judgment against the partner summoned was not a discharge of appellee from liability on the note, and this being so, the assignee of the note had the right to bring this suit against the maker who was sued.

Section 11 of the Practice act provides: "When several joint debtors are sued, and any one or more of them shall not be served with process, the pendency of such suit or the recovery of a judgment against the parties served shall be no bar to a recovery on the original cause of action against such as are not served, in any suit which may be brought against them in any other place than in the county where the first suit is brought. This section shall not be so construed as to allow more than one satisfaction." The question presented by the record is whether this section applies to notes made by partners, and whether a judgment recovered against one member of the firm on a note so made by partners bars a recovery against a member of the firm not served.

Whilst many authorities may be found holding that in an original suit against partners all must be joined as defendants, or if brought against only one and a judgment against him is obtained the others are thereby discharged from liability, yet if suit is brought against joint or partnership debtors residing in the same or different States

and service is had against one, only, can it be said that such judgment is a bar on the same indebtedness in another suit brought in another State where the other defendant resided or might be found? The original suit on the note in this case was brought in the county of New York, State of New York, against both partners. Only one was served, and the other could not be served because he was a non-resident of the State. Section 11 of the Practice act above quoted, which provides that when several joint debtors are sued and any one or more of them shall not be served with process, the pendency of such suit or the recovery of a judgment against the parties served shall be no bar to a recovery on the original cause of action against such as are not served in any suit which may be brought against them in any other place than in the county where the first suit is brought, is applicable to the question here presented and must be held to govern and control it. It is clear that appellee was indebted to appellant for the amount of the note sued on, and the only question is whether the judgment against his partner in the Supreme Court of the county and State of New York is a bar to this proceeding.

The plea filed by the appellee in this case was in its commencement and conclusion a plea in abatement. The demurrer to the replication presents the question whether it should have been carried back to the plea. The plea does not answer the declaration. The allegation of the first and third counts of the amended declaration is: "For that whereas the said defendant and one Charles Galigher, partners, etc., on the 20th day of July, 1886, at New York, that is to say, at the county and State aforesaid, under the said firm name and style, made their certain other promissory note in writing bearing date the day and year last aforesaid, and thereby then and there jointly and severally promised to pay, etc., by means whereof the said defendant then and there became liable, etc., and being so liable the said defendant, in considera-

tion, undertook," etc.  This is attempted to be answered by the plea by saying, "because he says the several supposed promises and undertakings in the said declaration mentioned, if any such were made by the said defendant, were, and each of them was, made by the said defendant jointly with one Charles Galigher, as partners, in and under the name and style of Charles Galigher & Son, and not by the said defendant alone."  The first and third counts allege a joint and several promise, which is sought to be avoided by the plea which seeks to set up in bar that the promises were joint promises, and the plea therefore does not answer the declaration.

Pleas in abatement, like other pleas, must answer the whole declaration or all they purport to answer.  All that is alleged in the plea is alleged in the amended first and third counts of the declaration, that a demurrer would, as a matter of law, determine the sufficiency of the averment to the same extent as presented by the plea, if the same were proven as alleged therein.  The replication to the plea in effect only recites what is in the plea and in the third count of the declaration.  1 Chitty's Pl. 459; 1 Tidd's Pr. 641; 2 Sanders, 210c; *Herries* v. *Jamieson,* 5 T. R. 553; *Dunlap* v. *Turner,* 64 Ill. 47; *Diblee* v. *Davison,* 25 id. 486; *Moore* v. *Rogers,* 19 id. 347; *People* v. *Harrison,* 82 id. 84; 1 Greenleaf on Evidence, 539a.

The plea, by reason of being a recital of what is contained in the first and third counts as amended, was obnoxious to a demurrer.  A general demurrer is sufficient to reach all objections to pleas in abatement, whether of matters of form or of substance.  *Buddle* v. *Wilson,* 6 T. R. 370; *Clifford* v. *Cony,* 1 Mass. 469; *Shaw* v. *Dutcher,* 19 Wend. 216; 1 Chitty's Pl. 465; 1 Tidd's Pr. 638, 695.

The plea did not aver any matter *dehors* the record, so far as the first and third counts are concerned, and hence the sufficiency of those counts could have been presented by demurrer.  Saunders, 291c, note 4; *Cummings* v. *People,* 50 Ill. 132; *Sinsheimer* v. *Skinner Manf. Co.* 165 id. 116.

The replication being a recital of what was contained in the counts and substantially of what was stated in the plea, was bad, and a demurrer thereto could properly have been sustained, but the demurrer should have been carried back to the plea. The plea, however, being in abatement, the demurrer could not go beyond the plea. It could make no difference because the plea was to the writ. *Ryan* v. *May*, 14 Ill. 49; 1 Chitty's Pl. 466; *Shaw* v. *Dutcher*, 19 Wend. 216; Stephens' Pl. 145.

Under the averment of the first and third counts of the declaration and under section 11 of the Practice act the taking of judgment in New York against Charles Galigher in the action in which he, only, was served and the appellee herein was not served because not in nor a resident of that State, did not operate as a merger of the joint demand or release the appellee from liability on the note. *Shirley* v. *Shattuck*, 54 Mass. 256; *Tappan* v. *Bruen*, 5 id. 193; *Dennet* v. *Chick*, 2 Greenl. 191; *Rand* v. *Nutter*, 56 Me. 339; *Cox* v. *Maddox*, 72 Ind. 206; *Merriam* v. *Barker*, 121 id. 74; *B. & P. L. Co.* v. *W. & P. B. & M. Co.* 76 Fed. Rep. 10; Freeman on Judgments, sec. 234.

The statute of Massachusetts is very similar to the statute of this State on the question of the liability of joint obligors, and in *Shirley* v. *Shattuck*, 54 Mass. 256, it was held: "The first question is, whether a judgment against one of two joint obligors is a bar to an action of debt on the original obligation against another joint obligor. It seems to be useless to examine and review the numerous authorities cited in the argument, because we think the case is within the provisions of the Revised Statutes, intended, apparently, to remove doubts, fix the law upon the subject and do away the effect of those authorities, so far as it is in conflict with them. By Rev. Stat. chap. 92, sec. 12, it is provided that in a suit against several on a joint contract, if one only is legally served the suit may proceed to judgment against such one without further proceedings against the others; and by sec-

tion 13, if such judgment remain unsatisfied an action on the same contract may be afterwards maintained against any of the other joint contractors as if the contract had been joint and several. This is equivalent to an express enactment that such prior judgment against one shall not be a bar to an original action against another joint obligor. It is a statute severance, and analogous to the case where one joint obligor dies, in which a separate suit may be maintained against the survivor. If, therefore, the judgment relied on had been a judgment in Massachusetts the statute would have been an answer to the objection; and the court are of opinion that a judgment in New Hampshire, which by courtesy is allowed to have, in most respects, the force and effect of a domestic judgment, can have no greater effect in barring an action in this commonwealth. The court are of opinion that upon this point the decision of the court of common pleas was right."

The slight difference in the statute does not affect the principle involved in that case, and it is applicable to the question now before the court. The whole defense is based on the merger of the obligation evidenced by the note by reason of the New York judgment, and as we hold that such judgment is no bar to a suit against the defendant not served in New York, and under our statute an action may be brought against him in this State where there has been no satisfaction of the New York judgment, the judgment of the Appellate Court for the Fourth District and the judgment of the circuit court of Alexander county are each reversed and the cause is remanded to the circuit court of Alexander county, with directions to proceed in accordance with what is here said.

*Reversed and remanded.*

Mr. CHIEF JUSTICE CARTWRIGHT: I concur in the judgment in this case but not in all that is said in the above opinion.