## People's Bank of Bloomington, Conservator, Defendant in Error, v. John H. Wood, Executor, Plaintiff in Error.

1. PLEADING, § 79*—*what are requisites of plea to jurisdiction.* A plea to the jurisdiction which is in the nature of a plea in abatement must be certain to every intent and leave nothing to be drawn by inference and must include all such supposable matter as would, if alleged by the opposite party by replication, defeat the plea.

2. VENUE, § 3*—*where executor sued at common law.* At common law the executor was sued in transitory actions where he resided.

3. VENUE, § 3*—*where executor may be sued.* An executor may be, sued where he resides or where he may be found, although in a county other than that in which the will was probated and administration granted.

4. PLEADING, § 79*—*when plea to jurisdiction insufficient.* A plea to the jurisdiction in the nature of a plea in abatement, in an action on promissory notes against the executor of an estate, which avers that defendant was appointed and duly qualified as executor of the will of deceased in the Probate Court of a county other than that in which he was sued, that he designated a certain day as the day for filing all claims in such court and that he is still

acting as executor, and that he was served with process in a county other than that in which he was appointed as executor, is demurrable for uncertainty.

5. APPEAL AND ERROR, § 1571*—*when informal judgment harmless.* The fact that the judgment in an action against an executor, whose plea to the jurisdiction was in the nature of abatement and was bad for uncertainty, should have been *nil dicit* or for want of a plea and not by default, is harmless error, as such error was mere matter of form.

Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed December 11, 1914.

LIVINGSTON & BACH, for plaintiff in error.

BARRY & MORRISSEY, for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The People's Bank of Bloomington, conservator of Mary G. Bell, began this suit in the Circuit Court of McLean county against John H. Wood, executor of the estate of Edward B. Gridley, deceased. The declaration avers that plaintiff is the conservator of Mary G. Bell; that Edward B. Gridley departed this life in January, 1914, leaving a last will which was duly admitted to probate by the Probate Court of Cook county, Illinois, and that John H. Wood was duly appointed executor and has qualified and is acting as such executor; that Edward B. Gridley in his lifetime was indebted to Mary G. Bell on certain notes executed by him, etc. Summons was issued to the sheriff of McLean county and duly served on the executor. At the term to which the summons was returnable, the executor filed a plea which, after the title of the case, is as follows:

"John H. Wood, executor of the last will and testament of the estate of Edward B. Gridley, deceased, in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

his own person comes and defends, etc., and says that before and at the time of the commencement of said action he was appointed executor of the last will and testament of Edward B. Gridley, deceased, by the Probate Court of Cook county, Illinois; that he then and there in said county duly qualified to act as such executor, as provided for by law; that said appointment was made on the 16th day of March, 1914, and that he qualified on said date; that he designated the 14th day of May, 1914, as the day for filing all claims against the said estate in said court; that he is still acting as such executor and that he, the said defendant, was found and served with process in the county of McLean, Illinois, and not in the county of Cook, Illinois, and this he is ready to verify, wherefore he prays judgment of the court here will take cognizance of the action aforesaid.''

The plaintiff filed a special demurrer to the plea. The court sustained the demurrer. The defendant was thereafter ruled to plead instanter and failing to plead further was defaulted, and a writ of inquiry ordered for the assessment of damages. Evidence was heard and the damages assessed at $14,736.99, for which sum judgment was rendered against the estate to be paid in due course of administration. The estate has sued out a writ of error to review the judgment.

The question presented for consideration is whether the Circuit Court of McLean county acquired jurisdiction over the estate of the deceased to render judgment against it. The deceased died in Cook county. His will was admitted to probate in that county. The suit was begun in McLean county to recover on certain notes executed by the deceased. The summons was issued by the circuit clerk of McLean county to the sheriff of McLean county and served on the executor in McLean county.

The plea is a plea to the jurisdiction in the nature of a plea in abatement. The plea neither avers that the

executor is not a resident of McLean county nor that he was not found in said county or that he was not in McLean county doing business for the estate. So far as anything appears in the plea he may reside in McLean county or have been in McLean county leasing lands belonging to the estate or doing other business for the estate. Such pleas must be certain to every intent and leave nothing to be drawn by inference. They must anticipate and include all such supposable matter as would, if alleged by the opposite party by replication, defeat the plea. 1 Encyc. of Pl. & Pr. 24; *Willard v. Zehr*, 215 Ill. 148; *Finch v. Galigher*, 181 Ill. 625; Shipman's Com. Law Pl. 159.

Under the statute, the *locus* of the personal property of an estate for certain purposes is fixed by the residence of the administrator or executor and is not necessarily the county that issued the letters of administration. Paragraph 6 of section 6 of the Revenue Act (J. & A. ¶ 9219, subd. 6) provides that personal property shall be listed in the manner following: "The property of a person for whose benefit it is held in trust by the trustee, of the estate of a deceased person by the executor or administrator." Section 19 (J. & A. ¶ 9233) of the same act provides: "Persons required to list property on behalf of others, shall list it in the same place in which they are required to list their own; but they shall list it separately from their own, specifying in each case the name of the person, estate, company or corporation to whom it belongs." This statute is commented on in *People v. Hibernian Banking Ass'n*, 245 Ill. 522.

There is no provision of the statute in this State fixing the official residence of administrators and executors, further than that the statute provides that a nonresident may not be appointed either as an administrator or executor, and the sections of the Revenue Act to which reference has been made; they have no official residence. It is said in *Thompson v. Wood*, 115

Cal. 301: Executors "are but the representatives of the deceased. The executors are, in a sense, trustees, but not of the testatrix, who has no longer trustee or representative, but for the beneficiaries under the will and the heirs and creditors. No rule of law with which I am acquainted gives countenance to the idea that there is an official residence for an executor. In some States the venue of actions is specially declared to be where it would have been necessary to sue the deceased. We have no such law. At common law the executor was sued in transitory actions where he resided."

If it were the law that an executor may not be sued out of the county issuing letters, an executor residing in another county might by remaining out of such county prevent the allowance of claims not presented until after claim day, as the Administration Act does not authorize the issuance of summons for the executor on claims presented against the estate after claim day to any other county than the one in which letters were issued.

We are not aware of any provision of the statute in Illinois changing the rule at common law in suits against executors. Under section 6 of the Practice Act (J. & A. ¶ 8543), a defendant may be sued where he resides or may be found. There was no error in sustaining the demurrer to the plea.

Plaintiff in error also states that the judgment should have been *nil dicit* or for want of a plea and not by default. The contention of plaintiff in error is correct, but since that error is a mere matter of form, it is not one that requires that the judgment be reversed. *Plaff v. Pacific Express Co.*, 251 Ill. 243.

No other questions are raised or mentioned in any way by plaintiff in error.

Finding no reversible error presented for review, the judgment is affirmed.

*Affirmed.*