DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEARS 1922 AND 1923.

---

### F. L. Rice, Appellant, v. W. E. Allison, Appellee.

PLEADING—*demurrer to replication as carrying back to plea in abatement.* Where the declaration, filed under Cahill's Ill. St. ch. 32, ¶ 290, to recover the consideration paid for securities alleged to have been sold in violation of the Securities Act, alleges the sale of a security by defendant to plaintiff, and defendant pleads in abatement that the several supposed promises set out in the declaration were not made by the defendant alone but jointly with certain named persons who are still living, to which a replication was filed that the promises were the several promises of defendant and also severally the promises and severally binding on the other persons named in the plea, it is error to refuse plaintiff's motion that the defendant's demurrer to the replication, which had been sustained, be carried back to the plea.

Appeal by plaintiff from the Circuit Court of Fayette county; the Hon. F. R. Dove, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded with directions. Opinion filed November 16, 1922.

Albert, Webb & Albert, for appellant.

Leslie J. Taylor and Arthur Roe, for appellee.

Mr. Justice Barry delivered the opinion of the court.

(1)

Appellant filed a declaration to recover the consideration paid by him for a certain participation certificate and attorneys' fees. The suit is brought under section 37 of the Securities Act [Cahill's Ill. St. ch. 32, ¶ 290] and the declaration avers that said certificate was sold to appellant by appellee without complying with and in violation of the provisions of said act. By his declaration appellant shows that prior to the commencement of this suit he tendered the said certificate to appellee and demanded that he pay back to him the consideration therefor and that he is ready and does produce the said certificate in court for the use of appellee.

Said section 37 of the Act [Cahill's Ill. St. ch. 32, ¶ 290] provides: "Every sale and contract of sale made in violation of any of the provisions of this Act shall be void at the election of the purchaser, and the seller of the securities so sold, * * * and each and every solicitor, agent or broker of or for such seller, who shall have knowingly performed any act or in any way furthered such sale, shall be jointly and severally liable, * * * upon tender to seller in court of the securities sold, to the purchaser for the amount paid, * * * together with his reasonable attorney's fees in any action brought to recover such amount."

Appellee filed a plea in abatement to the effect that the several supposed promises in the said declaration mentioned, if any such were made, were and each of them was made jointly with W. H. Chilson, H. H. Haggard and Dr. Mark Greer, who are still living, and not by the said W. E. Allison alone, and this the said Allison is ready to verify, etc.

Appellant replied thereto that the said several promises mentioned in the declaration were the several promises of the said Allison and were made by him and are binding on him severally and that said promises are also severally the promises of and severally binding upon the said Chilson, Haggard and

Dr. Mark Greer and of this the plaintiff puts himself upon the country.

A demurrer was interposed to the replication and sustained. Appellant then moved that the demurrer be carried back to the plea but the court overruled his motion. He then elected to abide by his motion and the court rendered judgment in favor of appellee. The replication was clearly subject to demurrer.

Where a declaration showed on its face that the defendant was severally liable and the defendant filed a plea of nonjoinder in the same form as the plea in the case at bar, it was held that the plea was obnoxious to a demurrer. *Finch v. Galigher*, 181 Ill. 625. In that case the plaintiff did not demur to the plea but filed a replication to which a demurrer was sustained, the writ quashed and judgment rendered against the plaintiff for costs.

The Supreme Court in reversing the judgment said: "The replication being a recital of what was contained in the counts and substantially of what was stated in the plea, was bad, and a demurrer thereto could properly have been sustained, but the demurrer should have been carried back to the plea. The plea, however, being in abatement, the demurrer could not go beyond the plea."

In the case at bar, the declaration charges a several liability against the defendant. It is not upon promises voluntarily made by him or by him and others, but it is to recover on a liability imposed by statute for making a sale in violation of its express prohibitions. The statute says that the sale is void and the seller of the securities is liable to the purchaser for the amount paid therefor. The plea was subject to demurrer and it was the duty of the court to allow appellant's motion to carry the demurrer back to the plea and sustain it. For the error in denying that motion the judgment is reversed and the cause remanded with directions to allow the motion and to

sustain the demurrer to the plea. The sufficiency of the declaration is not before us and we are not passing upon it.

*Reversed and remanded with directions.*